RONNIE WAYNE MULLINS *v.* STATE OF INDIANA.

[No. 1-873A144. Filed February 4, 1974.]

*Gerald E. Surface, Jr.,* Public Defender, of Richmond, for appellant.

*Theodore L. Sendak,* Attorney General, *David A. Miller,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant Mullins was charged by affidavit with Count 1, sale of narcotic drugs, and Count 2, possession of narcotic drugs. Trial was had to a jury, with the verdict being not guilty as to Count 1 and guilty as charged under Count 2. Mullins was sentenced pursuant to statute. Mullins timely filed his motion to correct errors which was by the court overruled.

The facts are that the State Police were investigating the narcotic trade in the Richmond, Indiana, area. An undercover narcotics agent, Donald J. Brackman, enlisted the services of one Raymond Goff, a former drug addict.

Goff met Brackman and another State Policeman and was given a radio transmitter for surveillance purposes, along with approximately $40.00 with which to buy heroin. After an unsuccessful attempt to purchase drugs from one suspected pusher, Goff went to the residence of Mullins, an acquaintance of several years. After some discussion Mullins gave Goff a packet allegedly containing heroin. Goff immediately left the residence and proceeded to Glen Miller Park, where he met the State Police officers. The elapsed time on this trip was from three to five minutes.

At the park Goff delivered the package that he had received from Mullins to Officer Brackman. Brackman initialed the package, placed it in a plastic bag and put it in the trunk of his patrol car. A few days later the package was sent to the State Police Laboratory where the contents of the package were found to be heroin.

Mullins first contends that the court committed reversible error when it admitted into evidence as a State's exhibit the package of heroin. Appellant contends that the State did not establish a complete and unbroken chain of custody, thus making the exhibit inadmissible. Appellant argues that the package of heroin was not identified by Goff as being the packet introduced into evidence. Mullins points out that the only initials on the package are those of the State Police officer,

Brackman, and the State Police chemist who analyzed the contents of the package.

Mullins relies on the case of *Graham* v. *State* (1970), 253 Ind. 525, 255 N.E.2d 652, wherein our Supreme Court discussed chain of custody and concluded as follows:

> "We believe the rule announced here can be summarized as follows: *where as in the case of seized or purchased narcotics, the object offered in evidence has passed out of the possession of the original receiver and into the possession of others, a chain of possession must be established to avoid any claim of substitution, tampering or mistake, and failure to submit such proof may result in the exclusion of the evidence or testimony as to its characteristics. . . ."*
> (Their emphasis.)

This court is in agreement with the law as set out in *Graham, supra.* However, the evidence at trial fails to sustain the contention of Mullins that there was a break in the chain of custody. Goff testified that he obtained one bag of heroin from Mullins. Goff further testified that he took this bag of heroin and gave it to Trooper Brackman in the park and observed the trooper initial the bag, in Goff's presence. Goff was asked the following question to which he gave the following answer:

Q. "Okay, and this packet which you carried over to Donald Brackman in Glen Miller park on December 5th, 1972, was that the same packet which you had received from Ronnie Mullins?"

A. "Yes, sir."

Judge Buchanan of this court, in the case of *Butler* v. *State* (1972), 154 Ind. App. 361, 289 N.E.2d 772, discussed the chain of custody as follows:

> "While a complete chain of custody must be established as described in *Graham, supra,* the State is not required to exclude every remote *possibility* of tampering. Evidence which strongly suggests the exact whereabouts of the exhibit at all times will often be sufficient for chain of custody purposes. This was acknowledged in *Guthrie* v. *State, supra,* where, again, Justice Hunter said:

"* * * However, *where* as here, the state has introduced *evidence* which *strongly suggests the exact whereabouts of the evidence, the issue becomes one of probabilities. . . .'*

As a result, '[a] mere possibility that the evidence could have been tampered with will not make it totally objectionable.' *Kolb* v. *State, supra.*

* * *

As we read *Graham, Guthrie,* and *Kolb,* the test is not one of perfection of proof. The chain of 'possession' is proven if it be demonstrated that there is no reasonable doubt as to the 'continuous whereabouts' of the property (narcotics) and that it has remained in an 'undisturbed condition.' " (Their emphasis.)

In a case handed down on the same day, Judge Buchanan referred to *Butler, supra,* and concluded:

". . . *The evidence strongly suggests the exact whereabouts of the brown envelope at all times, resulting in reasonable assurance that the brown envelope passed through the entire chain of custody in an undisturbed condition.*" (Our emphasis.) *Cartwright* v. *State* (1972), 154 Ind. App. 328, 289 N.E.2d 763.

It is our opinion that the evidence most favorable to the State establishes the exact whereabouts of the package at all times. Mullins does not question the chain of custody after the package was received by Trooper Brackman. The evidence of Goff shows conclusively the whereabouts and chain of custody of the package of heroin from the moment it was given to him by Mullins until Goff delivered the same to Trooper Brackman.

Mullins contends that Goff had much to gain by implicating Mullins, as Goff was also being charged with a drug related crime and had not yet been brought to trial. The evidence does not show that the package was in any way tampered with and such conjecture on the part of a defendant is merely conjecture and is not grounds for reversal.

Mullins next contends that the evidence was not sufficient to sustain the verdict. This contention is based on the first issue raised herein and is rendered moot by our decision that the evidence was properly admitted. However, it is our

opinion that even if the package had not been admitted into evidence, the evidence adduced at trial would have been sufficient to sustain the conviction.

This court has often stated that when sufficiency of the evidence is raised on appeal we will consider only that evidence most favorable to the State, together with all reasonable inferences to be drawn therefrom. *Miller* v. *State* (1973), 156 Ind. App. 189, 295 N.E.2d 632; *Bush* v. *State* (1968), 251 Ind. 84, 237 N.E.2d 584.

Mullins testified in his own behalf and claimed that he had made no sale of heroin to Goff. However, when questioned about the incident he stated, in part:

". . . I did get him a bag of heroin."

On cross examination Mullins was asked the following questions to which he gave the following answers:

Q. "Did you give Raymond Goff heroin on December 5th, 1972?"

A. "Yes."

Q. "Now the night that you gave Mr. Goff, on December 5th, 1972, this heroin, did you have it on your person before you gave it to him?"

A. "I can't remember whether I did or not, now."

Q. "But you possessed heroin on that day?"

A. "Yes."

Thus, the evidence most favorable to the State clearly shows that Mullins was guilty of the crime of possession of narcotic drugs as charged in the affidavit upon which he was found guilty.

Having found sufficient evidence to sustain the verdict and having determined that no error was committed in the admission of the package of heroin, the decision of the trial court was not contrary to law.

Judgment affirmed.

Robertson, P.J. and Lybrook, J. concur.

NOTE.—Reported at 306 N.E.2d 398.