JAMES PETTIT *v.* STATE OF INDIANA.

[No. 1-673A118. Filed April 25, 1974.]

64

*Harriette Bailey Conn* [*Mrs.*], Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Glenn Alan Grampp, Robert F. Colker,* Deputy Attorneys General, for appellee.

HOFFMAN, C.J.—This is an appeal by defendant-appellant James Pettit from a judgment denying his petition for post-conviction relief.

The singular issue presented for review is whether the trial court, in denying appellant-Pettit's petition for post-conviction relief, erred in concluding that he was adequately and effectively represented by trial counsel.

Appellant was originally charged by indictment in two counts with violations of the 1935 Narcotics Act (as amended). Subsequently, the State filed an amended affidavit in two counts, 1) charging the appellant with sale of narcotics, and 2) possession of narcotics, in violation of IC 1971, 35-24-1-2, Ind. Ann. Stat. § 10-3520(a) (Burns Supp. 1973).

To the charges contained in the amended affidavit, appellant pleaded not guilty. Following trial before a jury, appellant was found guilty as to the offense of sale of narcotics. He was subsequently fined $2,000 and costs and ordered to be committed to the Indiana State Prison for a term of not less than five years nor more than twenty years. Upon appeal, appellant's conviction was affirmed by our Supreme Court on April 27, 1972. See: *Pettit* v. *State* (1972), 258 Ind. 409, 281 N.E.2d 807.

The present case was commenced upon the filing of appellant's petition for post-conviction relief wherein it was speci-

fied that appellant was not represented by effective and competent trial counsel. Following the denial of appellant's petition and the overruling of his motion to correct errors, this appeal was perfected.

The standard of review on appeal from the denial of a petition for post-conviction relief was set forth in *Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E.2d 499, at 501, wherein it is stated that,

> "A post-conviction proceeding is in the nature of a civil action. An unsuccessful petitioner, under the rule, stands in the position of one appealing from a negative verdict. He must show that the judgment was contrary to law, which may not be done by merely showing a lack of evidence to sustain it. If the evidence entitled him to relief which was denied, the decision is contrary to law, but in determining that question we may consider only the evidence most favorable to the successful party, in this case the State; and it is only when the evidence is without conflict and leads but to one reasonable conclusion, and the trier of fact has reached a contrary conclusion, that the decision will be disturbed as being contrary to law. *Souerdike* v. *State* (1952), 231 Ind. 204, 108 N.E.2d 136."

With regard to the particular issue presented in the case at bar, it must, in addition, be pointed out that there is a presumption that an attorney has performed his duty fully and it requires strong and convincing proof to overcome such presumption. *Beck* v. *State* (1974), 261 Ind. 616, 308 N.E.2d 697; *Lowe* v. *State* (1973), 260 Ind. 610, 298 N.E.2d 421; *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686 (Dismissed, 412 U.S. 925, 93 S.Ct. 2755, 37 L.Ed.2d 152).

This presumption may be overcome only if it can be established that what counsel did, or did not do, rendered the proceedings a mockery of justice and shocking to the conscience of the court. *Robbins* v. *State* (1971), 257 Ind. 273, 274 N.E.2d 255; *Sargeant* v. *State* (1973), 157 Ind. App. 173, 299 N.E.2d 219, 37 Ind. Dec. 648.

Moreover, in *Blackburn* v. *State, supra,* at 22 of 260 Ind., at 696 of 291 N.E.2d, our Supreme Court stated:

"The mere fact that another attorney might have conducted the defense differently is not sufficient to require a reversal. Hendrickson v. State (1954), 233 Ind. 341, 118 N.E.2d 493. Isolated poor strategy, bad tactics, a mistake, carelessness, or inexperience does not necessarily amount to ineffective counsel unless, taken as a whole, the trial was a mockery of justice. United States v. Cariola (N.J. 1962) 211 F. Supp. 423. Appellant's own citations of authority establish that a reviewing court should look to the 'totality of circumstances' to determine whether or not trial counsel was competent. United States v. Hammonds (1970), 138 U.S. App. D.C. 166, 425 F. 2d 597. A reviewing court ought not second guess matters of judgment or trial strategy or even mistakes. A poor result alone does not amount to denial of adequate assistance of counsel. Application of Tomich (Mont. 1963), 221 F. Supp. 500. *See also* Anno. 74 A.L.R. 2d 1390 and cases cited."

As a basis for his argument that he was not represented by effective and competent trial counsel, appellant asserts that his court-appointed attorney failed to call certain witnesses to testify in support of his alleged alibi defense.

An examination of the record discloses that the indictment under which appellant was originally charged alleged that the offenses stated therein were committed on July 4, 1970. Following the issuance of the indictment, appellant filed a motion to quash and also a notice of intention to offer a defense of alibi. Thereafter, the State filed an amended affidavit charging that the accused committed the offenses on July 3, 1970, and an amended answer to notice of alibi stating that the offenses charged were committed by appellant "in the evening, on July 3, 1970* at his residence" in Richmond, Indiana.

At the hearing on his petition for post-conviction relief, Pettit stated, under direct examination, that he had informed his trial counsel of the fact that his wife could provide support for his alibi defense. Pettit further stated that his wife could have testified that he was not at his residence at the time the offense was alleged to have occurred. On direct examination by the State, Pettit's trial counsel testified that

his personal investigation disclosed that Pettit's wife was an alibi witness for July 4, 1970. He further testified that to the best of his recollection "there was no discussion about her being an alibi witness for July 3rd."

On the question of whether Pettit, in fact, informed his attorney that his wife could testify as an alibi witness, the evidence is thus in conflict. Where such a conflict exists, this court must, in view of the standards enunciated in *Hoskins* v. *State, supra,* confine itself to a consideration of the evidence most favorable to the State. So viewed, the evidence does not support appellant's position in this regard.

It is also contended that Pettit's trial counsel made no inquiry as to Pettit's whereabouts during the evening of July 3, 1970, in order to ascertain whether other persons could possibly be available to support his alleged alibi.

On cross-examination, appellant testified that during the evening in question he was at the home of Mr. John Henry Sanders in Cincinnati, Ohio, and that he did not return to Richmond until approximately 11:00 P.M. He further stated, however, that he did not inform his attorney about Mr. Sanders nor did he disclose to his attorney that he had been in Cincinnati on July 3, 1970.

Under direct examination, Pettit's defense counsel stated that he had advised appellant prior to trial that the State was alleging that the offenses charged were committed on July 3, 1970, and that Pettit then informed him that he had been working in Eaton, Ohio, on the date in question. Through questioning of Pettit's employers, the attorney subsequently determined that there was no record of appellant's working hours. He further testified that Pettit did not mention Sanders as an alibi witness for July 3, 1970.

The record does not disclose that Pettit's trial counsel made a specific inquiry as to his whereabouts on the evening of July 3, 1970. However, the failure of his attorney to do so does not, alone, constitute evidence sufficient to overcome the presumption that appellant received

competent representation where the attorney's statement was adequate to put the accused on notice that alibi witnesses for the entire date in question might be required and where the attorney conducted a diligent investigation of the information that was given him. At most, the attorney's failure to make a specific inquiry can be termed a mistake. Moreover, it cannot be said that culpability for such error rested entirely upon the attorney.

Appellant points to the fact that the State filed an answer to his notice of alibi alleging that the time the offenses were committed was approximately noon on July 3, 1970, and thereafter on the day prior to trial filed an amended answer to his notice of alibi alleging that the offenses were committed during the evening of July 3, 1970. He contends that this variance in the particular times alleged misled his trial counsel in preparing a defense for the date in question and that his counsel should have requested a continuance. Such is a matter of judgment on the part of the attorney. We cannot say that the variance between the times alleged is so substantial that as a matter of law, counsel must be deemed incompetent for electing to proceed to trial.

The record of trial discloses that appellant received able and conscientious representation. Appellant's trial counsel conferred with him at least eighteen times prior to trial. During the trial, the attorney conducted a vigorous cross-examination of each of the prosecution's witnesses and defended the interests of his client by interposing numerous well-founded objections to questions propounded by the State. Appellant's trial, considered as a whole, cannot in any manner be regarded as a mockery of justice or shocking to the conscience of the court.

Affirmed.

Garrard and Lowdermilk, JJ., concur.

NOTE.—Reported at 310 N.E.2d 81.