DAVID A. BERRY *v.* STATE OF INDIANA.

[No. 1-973A162. Filed January 8, 1975.]

*Harriette Bailey Conn (Mrs.)* Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Gary M. Crist,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Petitioner-appellant, David A. Berry, was tried by a jury and convicted of the crime of first degree burglary, for which he was sentenced and which conviction he appealed.

Thereafter petitioner-appellant filed his petition for post conviction relief with the trial court on which petition a hearing was had after being placed at issue by the State's answer. The trial court entered its findings of fact and conclusions of law, denying the relief sought by the petitioner, who then timely filed his motion to correct errors which was overruled.

On August 5, 1971, just two days after petitioner had met Mrs. Gertrude Gaddis, a widow, he and a companion, George Ford, met her at midnight at a tavern to which she had been called by Ford. Immediately after her arrival Ford left the tavern and petitioner stayed with her until about 2:30 A.M. when she, in company with the petitioner, went to her home, where they discovered entrance had been made by cutting a rear door screen and the house had been burglarized.

Police were called and she determined the jewelry boxes had been rifled and contents removed. A television, a radio, and a lighter with her name engraved thereon had been taken from the home.

On Monday following petitioner left the Gaddis home and returned the same day, after which return he placed a package of cigarettes and a lighter on a table. Mrs. Gaddis recognized the lighter as one of the articles taken from her home and later she asked petitioner where he got the lighter and he answered that he had found it.

At the trial for the burglary a Mrs. Bolden testified she heard a conversation of the petitioner and others in which she heard petitioner talk about the girl friend he had robbed.

Cecil Bolden testified that the petitioner had sold him a portable television set, radio, and a watch, all of which were identified as items stolen from Mrs. Gaddis.[1]

During trial petitioner denied any knowledge of the burglary and denied selling the television set, the watch and the police radio to Cecil Bolden.

The two issues presented for review herein are:

I. Whether the petitioner proved by a preponderance of the evidence introduced at the post conviction relief hearing that his legal representation at the trial was inadequate; and

II. Whether the petitioner presented material and deci-

---

1. A full and concise statement of the facts are reported in this court's opinion at 287 N.E.2d 559 and 560.

sive new evidence at the post conviction relief hearing so as to require a new trial.

In discussing issue one, appellant alleged his attorney failed to contact nine people who appellant named as potential defense witnesses; that on the second day of trial the judge allowed counsel to use the telephone and attempt to contact the potential witnesses. Appellant further claims that one witness who was successfully contacted informed the attorney that although she knew the appellant was innocent she would not decline to testify if called on his behalf. Some of said witnesses were known by petitioner's attorney to have criminal records. Petitioner claims the failure of his attorney to file notice of an alibi defense was an act of incompetency and finally, that his attorney failed to conduct a proper investigation prior to the commencement of the trial.

Appellee urges that inasmuch as petitioner was appealing from a negative judgment that petitioner must show the judgment was contrary to law and was not merely supported by insufficient evidence. Appellee further urges that the presumption of competency of counsel may only be rebutted by strong and convincing evidence and, further, that the testimony of the petitioner and Mr. Renfro, his trial attorney, are in conflict and maintains that this court on appeal should consider only the evidence most favorable to the State.

Appellee further argues that the failure to file a notice of alibi defense by trial attorney Renfro resulted in no harm to the petitioner as the evidence of that defense was admitted at trial without objection.

Appellee's last contention is that at no time before, during, or immediately after trial did petitioner express unhappiness with the legal representation afforded him by attorney Renfro.

We must first determine whether the trial court's judgment denying the relief requested by petitioner constitutes a negative judgment.

Petitioner had the burden of proving the allegations contained in his petition and therefore the trial court's judgment in this matter constituted a negative judgment.

In *Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E. 2d 499, 501, Justice Prentice of our Supreme Court, in discussing post conviction relief under Rule 1, said:

". . . A post-conviction proceeding is in the nature of a civil action. An unsuccessful petitioner, under the rule, stands in the position of one appealing from a negative verdict. He must show that the judgment was contrary to law, which may not be done by merely showing a lack of evidence to sustain it. If the evidence entitled him to relief which was denied, the decision is contrary to law, but in determining that question we may consider only the evidence most favorable to the successful party, in this case the State; and it is only when the evidence is without conflict and leads but to one reasonable conclusion, and the trier of fact has reached a contrary conclusion, that the decision will be disturbed as being contrary to law. *Souerdike* v. *State* (1952), 231 Ind. 204, 108 N.E.2d 136."

An allegation of insufficient evidence does not present an appealable issue. Instead, a negative judgment may be attacked only as being contrary to law. *Link* v. *Sun Oil Co.* (1974), 160 Ind. App. 310, 312 N.E.2d 126; *Engelbrecht* v. *Property Developers, Inc.* (1973), 156 Ind. App. 354, 296 N.E.2d 798.

When a judgment is attacked as being contrary to law the reviewing court may consider only that evidence which is most favorable to the judgment of the trial court, together with all reasonable inferences to be drawn therefrom. *Heminger* v. *Police Com'n of City of Fort Wayne* (1974), 161 Ind. App. 72, 314 N.E.2d 827; *Link* v. *Sun Oil Co., supra.*

The record discloses that all evidence the petitioner desired pertaining to an alibi was admitted into evidence in the trial court without objection, although no notice of alibi had been filed by defendant's trial counsel. The evidence having been admitted, petitioner is not now in a position to complain about

the failure to file notice of alibi, as no harm was done to him by such failure.

The presumption is that the trial counsel discharged his duties fully and competently in representing his client and it requires strong and convincing proof to overcome that presumption. *Beck* v. *State* (1974), 261 Ind. 616, 308 N.E.2d 697, *Pettit* v. *State* (1974), 160 Ind. App. 63, 310 N.E.2d 81.

The mere fact that another attorney might have acted differently is not sufficient. Isolated poor strategy, bad tactics, mistake, carelessness or inexperience does not make trial counsel incompetent. Instead, it must be shown that counsel's actions have made a mockery of justice and shocked the conscience of the court. *Beck* v. *State, supra; Pettit* v. *State, supra.*

In reviewing the evidence to determine whether the trial court's judgment was contrary to law this court will not weigh the evidence nor determine the credibility of witnesses; instead, it will consider only that evidence most favorable to the judgment of the trial court. *McCauley* v. *State* (1974), 159 Ind. App. 517, 307 N.E.2d 885; *Mullins* v. *State* (1974), 159 Ind. App. 319, 306 N.E.2d 398.

We conclude that the record contained evidence from which the trial court could have reasonably concluded that the petitioner did receive competent and effective representation and that the judgment was not contrary to law.

In support of issue number two, petitioner argues that there was evidence presented at the post conviction relief hearing not previously presented to the trial court which would require the granting of a new trial.

Appellant urges that the newly discovered evidence included evidence of perjury on the part of one or more of the State's witnesses who testified against him at his trial; that such evidence could not have been presented at the trial for the

reason that it was discovered by petitioner only after the conclusion of the trial and filing of his motion to correct errors. Petitioner further urges that the newly discovered evidence was material and decisive inasmuch as it raised questions as to the credibility of the State's major witnesses who attempted to link petitioner to the burglary.

Appellee answers this contention by stating the trial judge is the sole judge of the weight of the evidence and the credibility of the witnesses and also notes the failure of petitioner to call one James Bolden, the actual source of the alleged newly discovered evidence.

A reading of the record would indicate that James Bolden was available to the court and was not used, but the evidence of witnesses called was hearsay evidence as to what James Bolden is claimed to have said outside of court.

Justice DeBruler of our Supreme Court, in *Johnson* v. *State* (1974), 262 Ind. 183, 313 N.E.2d 542, 544, in speaking on the subject of newly discovered evidence, citing *Asher* v. *State* (1971), 256 Ind. 381, 269 N.E.2d 156, stated:

". . . in order for new evidence to warrant the vacation of a conviction it should be sufficiently material and decisive as to give rise to a strong likelihood that its presentation in a new trial would cause a different result to be reached. . . ."

It is apparent that at least a part of the evidence was given at the trial and thus does not qualify to support a claim under Post Conviction Rule 1 (a) (4), since it had previously been presented and heard. We firmly believe that the newly discovered evidence was not material and decisive in nature and would not give rise to a strong likelihood that its presentation at a new trial would cause a different result than that already reached.

The evidence of record in support of the conviction was entitled to be considered by the trial court as more credible than the self serving newly discovered evidence alluded to by the petitioner during the post conviction hearing.

The presiding judge may consider the weight which a reasonable trier of fact would give evidence in support of a conviction and, while so doing, may also evaluate its probable impact on a new trial in light of all the facts and circumstances shown at the original trial of the case. *Emerson* v. *State* (1972), 259 Ind. 399, 287 N.E.2d 867; *Curry* v. *State* (1972), 154 Ind. App. 685, 290 N.E.2d 729.

It was proper for the trial court to conclude that the "interests of justice" did not require vacation of the conviction. P.C. Rule 1(A)(4).

The record of the post conviction relief hearing, under the law as heretofore determined by our Supreme Court and this court fails to disclose new evidence of such credibility as would produce a different result from that which was reached in the original trial.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.