KENNETH WAYNE GREENTREE *v.* STATE OF INDIANA.

[No. 2-174A1. Filed December 29, 1975. Rehearing denied January 22, 1976.]

Harriette Bailey Conn, (Mrs.), Public Defender of Indiana, Bruce H. Klang, Deputy Public Defender, for appellant.

Theodore L. Sendak, Attorney General, A. Frank Gleaves, III, Deputy Attorney General, for appellee.

SULLIVAN, P.J.—Kenneth Greentree appeals from the denial of his Petition for Post-Conviction Relief,[1] which alleges ineffective assistance of trial counsel in the proceedings by which he was convicted of robbery.[2] Greentree's conviction was affirmed on direct appeal by our Supreme Court. *Greentree* v. *State* (1969), 253 Ind. 91, 251 N.E.2d 835.

The facts surrounding the crime were summarized by the Supreme Court as follows:

"The evidence most favorable to the State is that on May 31, 1966, at about 9:30 to 10:00 P.M., Sandra Kay Prewitt, Marilyn Faye Brewster, Robert 'Speedy' Glidden and Joe Weatherford went to a Wake-Up station where appellant was employed. Appellant left work at the Wake-Up station with these persons in Weatherford's car. They drove to a tavern on Ohio Street where Glidden was dropped off. They then proceeded to drive around in the car, during which time appellant asked Sandra Prewitt if Weatherford had any money with him. She answered that he did have what looked to her to be a lot of money. With appellant driving Weatherford's car and Prewitt in the front seat with him and Weatherford and Brewster in the rear seat, they drove to Ellenbergr Park for the purpose of 'parking' where they arrived about 11:30 P.M. to midnight.

Sandra Prewitt testified that after they had parked for a short time appellant hit Weatherford in the side of the head with a hammer. Appellant then ordered Weatherford out of the car and demanded his money. Upon Weatherford replying that he did not have any, appellant pulled a knife with a six inch open blade and again struck Weatherford with the hammer.

---

1. Post-Conviction Remedy Rule 1.
2. IC 1971, 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns 1956).

The two girls, Prewitt and Brewster, searched Weatherford's pockets for the money, then Brewster discovered Weatherford's billfold in the car.

Appellant again hit Weatherford, who ran from the scene to a nearby residence where he asked the occupants to call the police.

Prewitt, Brewster and appellant then returned to appellant's apartment, which was also occupied by Sandra Prewitt and Marilyn Brewster. At that time appellant told Prewitt that he had parked the car on Ninth Street and had wiped off all of the finger prints.

Prewitt further testified that all of the money and papers taken from Weatherford were turned over to the appellant." 253 Ind. at 92-93, 251 N.E.2d at 836.

Greentree presents two specific contentions of ineffective representation.[3]

1. Trial counsel failed to conduct sufficient investigation to prepare a defense, particularly with reference to Greentree's alibi defense.

2. Trial counsel failed to subpoena or interview a witness upon Greentree's request.

Before considering Greentree's arguments, we pause to note several maxims guiding our review. First is the rule that, in post-conviction proceedings, the petitioner has the burden of proving ineffective representation by a preponderance of the evidence. PCR. 1 § 5; *Davis* v. *State* (1975), 263 Ind. 327, 330 N.E.2d 738; *Berry* v. *State* (1975), 163 Ind. App. 17, 321 N.E.2d 571. To successfully carry this burden, the defendant must overcome by "strong and convincing proof" a strong presumption that an attorney has discharged his duty faithfully, *Davis* v. *State*, *supra* at 741, and show that "the totality of the representa-

3. Greentree's only timely motion to correct errors raises additional assertions of inadequate representation in that (1) counsel failed to object to certain evidence introduced at trial, and (2) counsel's pre-trial consultation with Greentree was only minimal. These contentions are not argued in appellant's brief and therefore must be "deemed waived." Ind. Rules of Procedure, Appellate Rule 8.3(A). The argument section of appellant's brief does discuss the question of the sufficiency of pre-trial consultation, but only in connection with Issue 1, and therefore only in that light will we consider the argument. AP 8.3(A)(7).

tion . . . caused a situation which can fairly be described as a 'mockery of justice' which is 'shocking to the conscience' of the reviewing court." *Bucci* v. *State* (1975), 263 Ind. 376, 332 N.E.2d 94, 95; *see also Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686, *appeal dismissed*, 412 U.S. 925; *Davis* v. *State* (1975), 164 Ind. App. 331, 328 N.E.2d 768. And, "[w]hen the post-conviction court finds that petitioner has failed to carry this burden, the petitioner is, in effect, appealing a negative judgment vulnerable on appeal only if contrary to the one reasonable conclusion compelled by the evidence." *Harrison* v. *State* (1975), 166 Ind. App. 602, 337 N.E.2d 533, 540; *see also Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E.2d 499.

## COURT BELOW DID NOT ERR IN FINDING COUNSEL'S PRE-TRIAL PREPARATION SUFFICIENT TO PRECLUDE RELIEF

The crux of Greentree's argument of inadequate pre-trial preparation is that his court-appointed attorney did not attempt to find alibi witnesses at the two places where Greentree asserts he was during the commission of the crime. Sandra Prewitt and Joe Weatherford, the victim, both testified that they, Brewster and Greentree went to Ellenberger Park not long after dropping Glidden off at the tavern, and that the crime occurred in the park between 11:30 P.M., May 31, and 12:15 A.M., June 1. Greentree maintains that, immediately after Glidden exited the car, the others drove him to the 800 block of North Meridian Street where he left the car and walked to his apartment at 821 N. Pennsylvania, Indianapolis. Greentree testified that he arrived home around 11:30 P.M. and remained there alone until 12:45 A.M. when Brewster and Prewitt arrived without Weatherford. At that time, Greentree contends that he and the two women went to the Big Top Restaurant at 16th and Meridian, Indianapolis, arriving around 1:00 A.M. and remaining for approximately one half hour. Greentree admits that he knows of no person

in his neighborhood or at the restaurant who could corroborate his story, but asserts that his attorney should have gone to the two locations and attempted to find someone. Greentree urges that his attorney's undisputed failure to do so demonstrates ineffective assistance of counsel as condemned in *Thomas* v. *State* (1969), 251 Ind. 546, 242 N.E.2d 919.

In *Thomas, supra,* our Supreme Court reversed on direct appeal the appellant's conviction, stating that:

> "It is in the combination of the inadequacy of the investigation and the failure to present the requested defense that we can and must find inadequate representation. Since the investigation was not sufficient, we are constrained to hold that the defense was more 'perfunctory' than actual." 251 Ind. at 555, 242 N.E.2d at 924.

Defendant Thomas had asked his court-appointed counsel to present an alibi defense on his behalf and the attorney declined to do so. The Supreme Court stated that whether such a decision not to present evidence on behalf of the defendant constituted ineffective representation depended on whether or not "the public defender made a *reasonable* determination at the time of trial that there was no evidence available or availing to the appellant . . ." 251 Ind. at 554, 242 N.E.2d at 924 (emphasis in original). Then the court set forth the rule which Greentree asserts requires reversal herein: "Any such *reasonable* belief could only have been predicated on a proper investigation of the alleged defense." *Ibid* (original emphasis).

The *Thomas* holding does not require our reversal of the denial of Greentree's post-conviction relief petition. Unlike in *Thomas*, Greentree's trial counsel *did* present the requested alibi defense by allowing Greentree to take the stand. The Supreme Court in *Thomas* rested its decision squarely on "the *combination* of the inadequacy of the investigation *and* the failure to present the requested defense . . ." 251 Ind. at 555, 242 N.E.2d at 924 (emphasis supplied). Greentree as-

serts that findings of both improper investigation and of a failure to present a requested defense are not necessary to reversal here; he reasons that his attorney's failure to conduct a "proper" investigation into the alibi defense is alone sufficient because otherwise the defense's presentation is "more 'perfuntory' than actual." *Thomas, supra,* 251 Ind. at 555, 242 N.E.2d at 924. We need not decide this question, because the court below did not err in finding that Greentree failed to prove his attorney's investigation "improper."

Considering that we may reverse the post-conviction court's finding that counsel's pre-trial investigation into the alibi defense was not inadequate, "only if contrary to the one reasonable conclusion compelled by the evidence," *Harrison* v. *State, supra* at 540, we therefore view the facts most favorable to the State. Greentree's attorney interviewed Greentree and the State's key witnesses, including Weatherford, Prewitt and Brewster, at length prior to trial. From these conversations, the attorney knew that the crime occurred at approximately midnight, and no later than 12:15 A.M., and that all three of the State's eyewitnesses intended to make positive identification of Greentree. Unlike the situation in *Thomas,* the State's witnesses had ample time to see Greentree at the scene of the crime. Moreover, there was evidence that the two women shared an apartment with Greentree and were well acquainted with him. And unlike in *Thomas,* the defendant here supplied his attorney with no names of potential alibi witnesses and could not remember seeing anyone in his neighborhood during the crucial period of 11:30 P.M. to 12:45 A.M. On these facts, we cannot conclude that the Public Defender's failure to make a field investigation was so improper as to amount to ineffective representation.

## TRIAL COUNSEL'S FAILURE TO SUBPOENA GLIDDEN NOT SHOWN TO REQUIRE RELIEF

Greentree asserts that his attorney's failure to interview and/or subpoena Robert Glidden demonstrates the attorney's ineffectiveness. We decline to accept Greentree's argument. First, as to the failure to interview Glidden, the facts most favorable to the State reveal that Glidden was likely unavailable. And as to counsel's failure to subpoena Glidden, the rule is that "[w]e should not reverse the denial of post-conviction relief because of the alleged incompetence of the defendant's trial counsel in failing to call certain witnesses . . . unless the testimony in question would likely produce a different result were a new trial held." *Harrison* v. *State, supra* at 540; *see also Jones* v. *State* (1974), 262 Ind. 159, 312 N.E.2d 856. There is no evidence in the record concerning Glidden's probable trial testimony had he been called, nor how such testimony might have altered the result.

Judgment affirmed.

Buchanan, J., concurs; White, J., concurs in result.

NOTE.—Reported at 339 N.E.2d 98.