DANIEL LEE SHIELDS *v.* STATE OF INDIANA.

[No. 3-775A132. Filed May 25, 1976.]

*Harriette Bailey Conn* [*Mrs.*], Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Daniel Lee Shields was charged by affidavit of the offense of first degree burglary.[1] Upon his plea of guilty as charged, the trial court, after hearing evidence, found the defendant guilty of the offense of first degree burglary and sentenced him to the custody of the Board of Managers of the Indiana State Reformatory for a period of not less than 10 years nor more than 20 years. Appellant did not file an appeal.

Approximately one year later, appellant filed his petition for post-conviction relief. After hearing thereon, the trial court entered its findings of fact and conclusions of law and

---

1. IC 1971, 35-13-4-4(a) (Burns Code Ed.).

denied appellant's petition for post-conviction relief. Appellant subsequently perfected the present appeal.

In reviewing a decision denying post-conviction relief, this court must be mindful that such a proceeding is in the nature of a civil action. *Hoskins* v. *State* (1973), 261 Ind. 291, 294, 302 N.E.2d 499, 500. Where a petitioner for such relief has been unsuccessful in the trial court, he stands in the position of one appealing from a negative judgment, and must demonstrate on appeal that such judgment is contrary to law. *Pettit* v. *State* (1974), 160 Ind. App. 63, 310 N.E.2d 81. Thus, such an appellant must show that the evidence before the trial court was without conflict and led to but one conclusion, and that the trier of fact reached a contrary conclusion. *Souerdike* v. *State* (1952), 231 Ind. 204, 206, 108 N.E.2d 136; *Marshall* v. *Ahrendt* (1975), 165 Ind. App. 359, 332 N.E.2d 223.

On appeal, appellant first contends that he was not afforded adequate effective representation by his trial counsel. He recognizes that our courts have held that there is a presumption that an attorney has fully discharged his duty to his client, and that it requires strong and convincing proof to overcome such presumption. *Robbins* v. *State* (1971), 257 Ind. 273, 278, 274 N.E.2d 255. Thus, a petitioner must show that the actions, or inactions, of his trial counsel made the proceedings a sham or mockery of justice and shocking to the conscience of the court. *Haddock* v. *State* (1973), 260 Ind. 593, 298 N.E.2d 418. In determining whether a petitioner has overcome the presumption of competent counsel, this court must look to the totality of circumstances in each case. *Payne* v. *State* (1973), 261 Ind. 221, 301 N.E.2d 514; *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E. 2d 686.

Appellant was the sole witness at the hearing on his petition for post-conviction relief. Because of appellant's interest

in the outcome of the hearing on his petition for post-conviction relief, his testimony at such hearing must be subjected to careful scrutiny both by the trial court and this court on appeal. *Hunter* v. *Dowd* (7th Cir. 1952), 198 F. 2d 13.

The facts and inferences therefrom most favorable to the appellee State which were established by appellant's testimony are that he consulted briefly with his attorney before entering his guilty plea, that he had no knowledge of any witnesses or evidence to offer in his defense, that another charge was pending against him, and that his trial counsel bargained a dismissal of such second charge of first degree burglary in exchange for appellant's guilty plea to the charge here at issue. The appellant was fully informed of his rights, agreed to this arrangement, admitted committing the crime and entered his guilty plea.

Appellant's testimony also contained contrary assertions of actions, or inactions, by his trial counsel which might arguably have constituted inadequate representation if the allegations were true. However, as stated hereinabove, the evidence contained in the record is in conflict on this issue, and appellant has not carried his burden of demonstrating on appeal that his testimony was without conflict and led to the sole conclusion that his trial counsel inadequately represented him. The decision of the trial court must be affirmed as to this issue.

The appellant also asserts that the failure of his trial counsel to negotiate a plea bargain for the crime of "Housebreaking in the Daytime to Steal", rather than first degree burglary, demonstrates the inadequacy of his counsel. However, it must be remembered that appellant was charged with another first degree burglary at the time his plea bargain was negotiated, and that there was no evidence presented by appellant in his post-conviction proceeding which demonstrated that his trial counsel failed to negotiate for such a plea bargain. Even assuming, *arguendo*, that a failure by

appellant's trial counsel to negotiate for such a plea would result in unconstitutionally inadequate representation by such counsel, the appellant has presented no evidence tending to establish such conduct by his trial counsel. Again, the appellant has failed to carry his burden of demonstrating error on appeal.

The judgment of the trial court must be affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 348 N.E.2d 36.