WENDELL WILKIE DAVIS *v.* STATE OF INDIANA.

[No. 172A21.  Filed May 3, 1972.]

*J. Bayne Burton,* of Anderson, for appellant.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellee.

SULLIVAN, J.—Defendant-appellant was charged by affidavit with First Degree Burglary and entered a plea of not guilty on February 23, 1971. On June 29, 1971, appellant objected to the venire of jurors available for his trial for the reason that he was a Negro, and that of twenty-one prospective jurors, eighteen were white. The court overruled the objection. On July 1, 1971, the jury returned a verdict finding appellant guilty of First Degree Burglary. Judgment was entered upon the verdict and appellant was sentenced to not less than ten nor more than twenty years in the Indiana State Prison. Appellant timely filed his motion to correct errors, and the same having been overruled, appellant took this appeal.

The sole issue presented is whether appellant was denied a fair trial by jury drawn from an impartial panel.

Out of twenty-one members of the jury panel, three were Negroes. The jury of twelve ultimately selected was all white. Appellant therefore contends that he was denied the right to be tried by his peers. It should be pointed out, however, that such contention is unsupported by argument and is, therefore, in violation of Rule AP. 8.3(A)(7). We nevertheless turn to a consideration of appellant's assertion.

With due deference to appellant's theory, well settled case law does not support his position. It requires no novel or strained insight to realize that exclusion of Negroes as a race from jury duty because of color or on a proportional basis is repugnant to the right to an impartial trial. *Cassell* v. *State of Texas* (1950), 339 U.S. 282, 70 S. Ct. 629; *Shuemak* v. *State* (1970), 254 Ind. 117, 258 N. E. 2d 158. However, the thrust of appellant's argument is not that Negroes were excluded, but rather that there existed a disproportionate number of whites to Negroes on the panel

from which the jury was selected which precluded appellant from being fairly tried.

Speaking directly to this issue, the United States Supreme Court in *Swain v. Alabama* (1965), 380 U.S. 202, 208, 85 S. Ct. 824, 829, stated:

> "* * * [A] defendant in a criminal case is not constitutionally entitled to demand a proportionate number of his race on the jury which tries him nor on the venire or jury role from which petit jurors are drawn. * * * Neither the jury roll nor the venire need be a perfect mirror of the community or accurately reflect the proportionate strength of every identifiable group." (Citations omitted)[1]

Similarly, the United States Supreme Court in discussing fairness in the selection of a grand jury stated in *Akins* v. *Texas* (1945), 325 U.S. 398, 403, 65 S. Ct. 1276, 1279:

> "Defendants under our criminal statutes are not entitled to demand representatives of their own racial inheritance upon juries before whom they are tried. But such defendants are entitled to require that those who are trusted with jury selection shall not pursue a cause of conduct which results in discrimination 'in the selection of jurors on racial grounds.' "[2]

In keeping with both the *Swain* and *Akins* cases, a mere recital by appellant that he was tried unfairly based solely on the fact that no Negroes were present on the jury which convicted him cannot justify appellate relief. Required is a showing of purposeful discrimination which may not be assumed or merely asserted. *Swain* v. *Alabama, supra.*[3]

---

1. *Accord: Shuemak* v. *State, supra.*

2. *See Lake* v. *State* (1971), 257 Ind. 264, 274 N. E. 2d 249 wherein the court stated that because no Negro happened to be on the jury panel such does not of itself constitute "systematic exclusion from jury service * * *"; that in order to constitute error, a purpose of systematic exclusion must be present and proven "to such an extent as to show intentional discrimination."

3. Compare *Alexander* v. *Louisiana* (1972), 405 U.S. 625, 92 S. Ct. 1221.

The judgment of the trial court is affirmed.

White, P.J. and Buchanan, J., concur.

NOTE.—Reported in 281 N. E. 2d 833.