MICHAEL J. MCKINLEY *v.* STATE OF INDIANA.

[No. 2-673A150. Filed April 15, 1975.]

*Harriette Bailey Conn, (Mrs.),* Public Defender of Indiana, *Darrell F. Ellis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *William S. Mc-Master,* Deputy Attorney General, for appellee.

SULLIVAN, P.J.—Petitioner-appellant Michael J. McKinley appears for the third time in our courts of appeal, seeking relief from a 1968 robbery conviction.

Following his conviction, McKinley appealed directly to the Supreme Court. The facts regarding his crime may be found

in that opinion—*McKinley* v. *State* (1969), 253 Ind. 187, 252 N.E.2d 420.

Thereafter, McKinley filed a petition for post-conviction relief. Hearing was held thereon and a belated Motion for New Trial was permitted but thereafter overruled. McKinley again sought review in the Supreme Court. In *McKinley* v. *State* (1972), 258 Ind. 348, 281 N.E.2d 91, the court reduced McKinley's indeterminate sentence from 10-25 years to 10-20 years in accordance with *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N.E.2d 815.

The record indicates that McKinley unsuccessfully sought federal Habeas Corpus, then resumed his tireless, but judicially exhausting journey through the State procedural process.

While the second appeal was pending in the Supreme Court, McKinley filed yet another post-conviction petition. Following the 1972 appellate decision, McKinley twice sought and received permission to amend that second post-conviction petition.

Insofar as here pertinent, the contentions at the post-conviction proceedings in July, 1972 were that (1) immaterial and prejudicial statements which were outside the testimony at trial were contained within the pre-sentencing report; and (2) McKinley's original unconstitutional sentence could not be modified but rather must be voided, entitling him to absolute discharge.

The State in the proceeding below specifically argued waiver. McKinley made no attempt to disclose why his present contentions could not have been presented in one of his two prior appeals.

The trial court entered findings to the effect that the petitioner McKinley had not sustained the burden of proving the allegations in his petition, and further that the Supreme Court's decision had settled all of the issues presented.

McKinley again failed to timely file a Motion to Correct Errors, but the trial court once again allowed a motion to be

filed belatedly under P.C. Rule 2. *See Simmons* v. *State* (1974), 262 Ind. 19, 310 N.E.2d 872.

From the overruling of his belated Motion to Correct Errors, McKinley perfected this appeal.

It is our opinion that since the issues sought to be raised by McKinley here were not determined in his previous two appeals, they have been waived.

Post-Conviction Rule 1, § 8 provides:

"All grounds for relief available to a petitioner under this rule must be raised in his original petition. Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition.

The Supreme Court's position concerning waiver was set out in *Langley* v. *State* (1971), 256 Ind. 199, 267 N.E.2d 538, 540:

"In the name of justice and fair play this court, through its promulgation of our post conviction remedy rules and by case decision, has sought to insure that each defendant will have an avenue available by which he may challenge on appeal the correctness of his conviction. It was not our intent, however, to provide a means whereby one convicted could repeatedly re-litigate claims of improper conviction, or could *unqualifiedly*, upon a legitimate waiver of the right to appeal either expressly made or to be inferred through application of appropriate legal principles, raise an untimely challenge directed at some aspect of the proceedings against him. In attempting then to correlate the role of the post conviction remedy rules with those afforded by direct appeal and to define their appropriate use in a challenge directed at a criminal proceeding, it would seem obvious that this court has a vested interest in guarding against a perversion of the rules through improper invocation of their protections or a prostitution of the spirit of criminal justice through sanctioned 'multi-appeals' thought to be afforded." (Original emphasis)

The opinion went on to state:

"Where the defense of waiver is raised, we have already noted that a petitioner must then present some substantial basis or circumstance which would satisfactorily mitigate his failure to pursue or perfect a remedy through the normal procedural channels, i.e. rebut the legal validity of the waiver defense." 267 N.E.2d at 545. *See also Layton* v. *State* (1974), 261 Ind. 567, 307 N.E.2d 477; *Baynard* v. *State* (1974), 162 Ind. App. 86, 317 N.E. 2d 897.

McKinley has been represented at all times by counsel and has made no attempt to "mitigate his failure to pursue or perfect his remedy through normal procedural channels." *Langley* v. *State, supra.*

The judgment of the trial court is affirmed.

Buchanan and White, JJ., concur.