WENDELL WILKIE DAVIS *v.* STATE OF INDIANA.

[No. 2-774A160. Filed June 2, 1975.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Eugene C. Hollander,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Russell W. Sims,* Deputy Attorney General, for appellee.

STATON, P.J.—This appeal arises from the denial of Davis' petition for post-conviction relief under Indiana Rules of Procedure, Post-Conviction Remedy Rule 1. Davis was tried by jury and convicted of first degree burglary in 1971. Following this conviction, Davis filed an appeal before this Court

based solely on the contention that he was denied a fair trial because there were no Negroes on the jury which convicted him. This appeal was unsuccessful. *Davis* v. *State* (1972), 152 Ind. App. 47, 281 N.E.2d 833. In 1973, Davis filed a petition for post-conviction relief which was denied. On his appeal from this denial of post-conviction relief, Davis raises the following issues:

Issue One: Was Davis' trial counsel so inadequate in Davis' defense that Davis is now entitled to a new trial?

Issue Two: Was Davis' appellate counsel so inadequate that the State's waiver objection should have been overruled at the post-conviction hearing?

We affirm the trial court's judgment upon Issue One. Davis was provided with competent counsel. Upon Issue Two, Davis was not permitted to present evidence which could have possibly exhibited to the trial court a failure to preserve substantial appealable issues and a failure to adequate appellate counsel. The evidence offered by Davis should have been admitted by the trial court so that it could make a preliminary determination upon the competence of appellate counsel before ruling upon the waiver issue presented by the State's answer. We remand upon Issue Two with instructions to admit the evidence offered and to make the preliminary determination upon adequacy of appellate counsel.

I.

Inadequate Trial Counsel

When reviewing the denial of a post-conviction relief petition, this Court can not weigh the evidence nor judge the credibility of witnesses. Before this Court will disturb the decision of the trial judge denying post-conviction relief, the appellant must show that the evidence presented led to but one conclusion and the trial court reached an opposite conclusion. *Baker* v. *State* (1974), 262 Ind. 543, 319 N.E.2d 344; *Baynard* v. *State* (1974), 162 Ind. App. 86, 317 N.E.2d 897.

Regarding competency of counsel, it has been more than frequently stated by this Court and the Supreme Court of Indiana that there is a presumption that defense counsel is competent. This presumption can be overcome only if it can be shown that what the attorney did or did not do, made the proceedings a mockery and shocking to the conscience of the Court. *Kindle* v. *State* (1974), 161 Ind. App. 14, 313 N.E.2d 721; *Baynard* v. *State, supra.*

At his post-conviction relief hearing, Davis testified that his trial counsel failed to interview his brother, a possible witness, and failed to file a motion for change of venue from the county. Also, Davis asserted that he did not believe his trial counsel was prepared for trial. Although Davis' trial counsel was not called as a witness at the post-conviction relief hearing, the record of Davis' jury trial was submitted to the hearing judge.[1] The record discloses that prior to Davis' jury trial, out of the presence of the jury, Davis' trial counsel asked him several questions concerning these matters. Trial counsel questioned Davis regarding his refusal to sign an alibi notice as follows:

"Q. And isn't it also true that you told me some things that I included in what we called a notice of alibi and I came over to see you the next day to ask you to sign the notice of alibi?

"A. Yes.

"Q. And you said that you would not sign. Isn't that true?

"A. Yes.

"Q. Now you are objecting to going to trial because you say there are some things that you don't understand about the circumstances. Is that true?

"A. Well, I don't know what it was you had, but I laid in jail for five months and you come over with a con-

---

1. The post-conviction relief hearing judge in this case correctly reached the issue of incompetent *trial* counsel on the merits. When petitioner is represented by the same counsel at trial and on appeal as in this case, the only time the State could successfully raise the defense of waiver on the issue of competent trial counsel would be when petitioner had previously presented this contention of error to the trial court and this Court on appeal. *Langley* v. *State* (1971), 256 Ind. 199, 267 N.E.2d 538.

tinuance. I mean, I don't even know what the charges or the inferences against me in the first place. You have to have some basis before I go to trial.

"Q. You understand do you not that the prosecution does not have to disclose its evidence to us. Do you understand that?

"A. I understand that.

"Q. I did explain to you that we could find out some things that you wanted to know, such as about the time that this was—

"A. I don't know what time it was supposed to happen.

"Q. I told you the way to find out was to file a notice of alibi and for you to sign this notice of alibi. Didn't I tell you that?

"A. I'm not signing anything.

"Q. Mr. Davis, didn't I tell you that?

"A. That's what you said, yes.

"Q. And you would not sign it.

"A. No."

This testimony reasonably supports a conclusion that trial counsel's failure to interview Davis' brother stemmed from Davis' refusal to sign the notice of alibi.

Before trial and out of the presence of the jury, Davis personally made a motion for a change of venue. The following exchange occurred:

"A. I want to put in a motion for a change of venue.

"MR. BURTON: Didn't we discuss a change of venue?

"A. You said you would talk to me about it.

"Q. Wasn't the change of venue discussed last week with you over at the jail and did you not say you wanted it to go to Delaware County?

"A. I think so, yes.

"Q. I explained to you how we arrive at what counties it would go to. Do you remember I wrote down the names of all the counties and explained how each side would strike those counties off. Do you remember?

"A. Yes.

"Q. And you said just let it go, we'll go to trial here. Didn't you tell me that?

"A. No, it wasn't exactly like that.

"Q. Didn't you say, well, we'll just try it here because you did not want to—and I explained to you that if we did that the case would be removed from the calendar and it would not be tried on this date?

"A. You told me it was going to be continued anyway regardless. I want to make a motion to withdraw my case.

"Q. I asked you if you wanted me to withdraw, didn't I?

"A. You said you were going to withdraw.

"Q. Didn't I ask you if you wanted me to withdraw from the case?

"A. No, you told me you would want to if I didn't sign—

"Q. I told you that if you wanted me to withdraw from the case, I would do it and would go tell the judge right then. Isn't that what I told you?

"A. (no answer)

"Q. Isn't that what I told you, Mr. Davis?

"A. I also want a change of venue from the county.

"Q. We talked about that and didn't you say well, we'll just let it go and forget it because—and didn't I explain to you, did I not, that if we took a change of venue that would—

"A. You said you had no defense.

"Q. Didn't I explain to you and discuss with you if we had a defense and what was the evidence—what evidence did we have? Didn't I ask you that?

"A. Well, I had no evidence."

The failure of counsel to seek a change of venue from the county is not *per se* indicative of incompetency of counsel. *Kidwell* v. *State* (1973), 260 Ind. 303, 295 N.E.2d 362. At his post-conviction relief hearing, Davis asserted that he wanted a change of venue because of his reputation in the community of Anderson as the "cat burglar." However, the above testimony by Davis prior to his trial does not disclose that this was his reason for seeking a change of venue at the time of trial.

Finally, Davis asserted at his post-conviction relief hearing that his attorney was not prepared to go to trial. Although Davis testified that his trial counsel met with him only twice

before trial, we can not say on appeal that the trial court erred in determining that Davis was adequately represented at trial. *Haddock* v. *State* (1973), 260 Ind. 593, 298 N.E.2d 418. The testimony set out above demonstrates that Davis was uncooperative with his trial counsel, and Davis himself stated that he had no evidence. Although Davis' counsel had no evidence to present at trial, the transcript of Davis' jury trial shows that Davis' counsel made frequent evidentiary objections, vigorously cross-examined the State's witnesses and made a motion for directed verdict. Davis has not sustained his burden of showing that his representation at trial was inadequate.

## II.

### Inadequate Counsel on Appeal

Davis' post-conviction relief petition alleged other grounds entitling him to post-conviction relief besides incompetent trial counsel.[2] The State asserted that these other grounds for relief had been waived, since they had not been raised in Davis' original appeal.[3] To overcome the State's waiver defense, Davis attempted to show that his appellate counsel was inadequate in two respects:

1. Appellate counsel inadequately presented the sole issue raised in the direct appeal.
2. Appellate counsel failed to preserve other meritorious appealable issues in Davis' direct appeal.

Davis was allowed to put into evidence his Appellant's Brief presented to this Court on his direct appeal.[4] Davis also at-

---

2. Both Davis' brief and the transcript of the evidence presented at the post-conviction relief hearing make reference to an amended P.C. 1 petition. We have searched the record before us and find no such amended petition. Since we must remand this case for a further post-conviction relief hearing, the failure to make this amended petition a part of the record before us is not critical to a determination of this appeal.

3. It is well settled that the State may assert waiver when a petitioner under P.C. 1 seeks a review of an issue which was available upon his original appeal. *Brown* v. *State* (1974), 261 Ind. 619, 308 N.E.2d 699; *Gross* v. *State* (1974), 162 Ind. App. 649, 320 N.E.2d 817, P.C. 1, § 8.

4. We would point out that since the issue raised in Davis' direct appeal was decided on the merits by this Court, it can not serve as a ground for post-conviction relief. *Davis* v. *State* (1972), 152 Ind. App. 47, 281 N.E.2d 833, P.C. 1, § 8.

tempted to present evidence on the sufficiency of the evidence to support his conviction and on prejudicial pre-trial publicity. Each attempt to introduce evidence on these issues was met by an objection by the State on the grounds that these issues had been waived. These objections were consistently sustained by the hearing judge who then prohibited Davis' counsel from making an offer to prove which is required by this Court to preserve error. *Burnett* v. *State* (1975), 162 Ind. App. 543, 322 N.E.2d 125 (On Petition for Rehearing). For example, when Davis' counsel attempted to present evidence at the post-conviction relief hearing on prejudicial pre-trial publicity, the following exchange occurred:

"MR. HOLLANDER: At this time I would like to introduce into evidence what has been marked and referred to for identification as Defendant's Exhibit 'B', which has certification by the circulation manager of the Herald and Bulletin as a true and exact copy of the article that appeared in the news on Tuesday, June 29, 1971.

"MR. ALLEY: We would object, your honor, for the reason I don't think this has any relevence [sic] as to Mr. Burton's competency as an attorney. I think the first question must be resolved as to whether or not he was acting in a competent manner at time of trial and I don't think this has anything to do as to the competency of Mr. Burton as an attorney.

"MR. HOLLANDER: Your honor, specifically alleged in the amended portion of the motion the defendant was denied a fair trial because of the reputation in the community.

"JUDGE: Don't you think he waived it?

"MR. HOLLANDER: Well—

"JUDGE: Objection sustained.

"MR. HOLLANDER: You honor, when would he have waived it?

"JUDGE: Well, he knew about it at the time, didn't he?

"MR. HOLLANDER: He was—

"JUDGE: Objection sustained. Go to the next question, please."

This evidence would have been admissible for the limited purpose of showing that Davis' appellate counsel was incom-

petent for failure to preserve for appeal a substantial appealable issue. When the defense of waiver is asserted by the State, ". . . a petitioner must then present some substantial basis or circumstance which would satisfactorily mitigate his failure to pursue or perfect a remedy through the normal procedural channels, . . ." *Langley* v. *State* (1971), 256 Ind. 199, 211, 267 N.E.2d 538. See also, *McKinley* v. *State* (1975), 163 Ind. App. 605, 325 N.E.2d 470. As the Supreme Court pointed out in *Langley* v. *State, supra,* one method of overcoming a defense of waiver by the State is to show ineffective assistance of counsel on appeal. One method of showing incompetent appellate counsel is by showing his failure to preserve for appeal substantial appealable issues. Davis was given no opportunity to show that his appellate counsel was incompetent for failure to preserve for appeal substantial questions as to the legality of his conviction. When the State raises a defense of waiver under P.C. 1, § 8 and the petitioner claims inadequate appellate representation, the hearing judge must make a preliminary determination as to the competent of appellate counsel before reaching the otherwise waived grounds for relief raised in the post-conviction relief petition. *Langley* v. *State, supra,* 256 Ind. at 212. In making this determination, the hearing judge should not preclude petitioner from presenting evidence offered to show that his appellate counsel failed to preserve on appeal an issue of such merit that no reasonable attorney would fail to assert it on appeal.[5] It is just such a showing of failure to preserve substantial appealable issues that Davis was precluded from making.

Davis was severely restricted regarding the evidence he could present on the issue of incompetent appellate counsel.

5. This opinion is not meant to stand for the proposition that by showing that appellate counsel failed to raise every possible appealable issue in the direct appeal, petitioner overcomes the presumption that his counsl was competent. As the Supreme Court of Indiana has stated, appellate counsel's determination of what issues should be appealed is a matter of appeal strategy which we will not second-guess. *Greer* v. *State* (1975), 262 Ind. 622, 321 N.E.2d 842; *Kidwell* v. *State* (1973), 260 Ind. 303, 295 N.E.2d 362.

It is necessary to remand this cause for a further post-conviction relief hearing on the limited issue of inadequate representation on appeal. If the hearing judge determines that appellate representation was inadequate because of failure to preserve substantial issues on direct appeal, the hearing judge should reach the merits of petitioner's P.C. 1 petition.

On the other hand, if the trial judge determines that Davis' appellate counsel was adequate, he should deny post-conviction relief since these issues were appealable and have been waived as contended in the State's answer.

The trial court's judgment is affirmed as to the adequacy of trial counsel, but its judgment is remanded upon the issue of adequate appellate counsel with instructions: to admit evidence relevant to the issue of substantial appealable issues not raised on appeal, to determine after hearing the evidence whether Davis was represented by adequate counsel, and to either reach the merits of Davis' petition or if waiver is found, enter judgment against Davis upon his petition.

Garrard and Hoffman, JJ., concur.

NOTE.—Reported at 328 N.E.2d 768.