Robert L. McGUIRE, Appellant,

v.

STATE of Indiana, Appellee.

No. 380S73.

Supreme Court of Indiana.

Dec. 31, 1980.

Harriette Bailey Conn, Public Defender, Howard N. Bernstein, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., John K. Silk, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

On November 1, 1977, appellant, Robert L. McGuire, entered a plea of guilty to the offense of commission of a felony while armed, to wit: robbery. On June 20, 1979, McGuire filed a petition for post–conviction relief which was heard by the trial court on August 20, 1979, and denied on October 2, 1979. A motion to correct errors was filed and this appeal followed.

Originally, McGuire was charged with both robbery and kidnapping, but the State agreed to dismiss the kidnapping charge when McGuire pled guilty to the robbery charge. The State did in fact dismiss the kidnapping charge upon the plea of guilty to the robbery charge.

The petition for post-conviction relief alleged that the plea of guilty to the robbery charge was involuntary for the following reasons:

(1) conditions in the jail were intolerable;

(2) he was suffering from epilepsy; and

(3) the arrest of his father on a murder charge caused him great stress.

On August 20, 1979, a hearing on the petition for post conviction relief was held.

When reviewing the appeal from a denial of post conviction relief it is clear that a petitioner must establish his case by a preponderance of the evidence. Ind.R. P.C. 1, § 5; *Henson v. State*, (1979) Ind., 392 N.E.2d 478. Additionally, the trial court judge hearing a post conviction relief petition is the sole judge of the weight of the evidence and the credibility of witnesses,

and his decision will be set aside only on a showing that evidence is without conflict and leads unerringly to a different result. *Riner v. State*, (1979) Ind., 394 N.E.2d 140.

■ The record discloses that appellant entered a guilty plea on November 1, 1977. The trial judge's findings disclose that he had been returned to the Clark County jail on October 1, 1977, after having escaped on August 18, 1977, and that plea negotiations both preceded and succeeded the escape. He was given medication daily while in the jail both before and after his escape and the finding was made that his epilepsy was under good control. The judge also found that appellant's last epileptic seizure occurred in June, 1977, some months before the plea was entered. The daily administration of medicine by those having custody of appellant is inconsistent with his claim that his personal needs were ignored. Appellant himself testified that no promises or threats were made.

Appellant testified that after being recaptured and returned to the jail, he was held in the bullpen for three weeks and was required to sleep on the floor. For about four days of that time he was clothed only in his underwear, but did have clothing during the balance of the time. He did not get to take showers; however, there were two sinks in the room and two toilets. While the situation was not optimum for maintaining personal cleanliness, it is fairly obvious that one intent upon keeping clean could do so by using a sink. The record discloses that appellant was held in this bullpen under these conditions because there had been a fire in the jail, a wholly neutral reason.

Appellant did not testify or present evidence that he was not fed, but only that he was not fed enough. He did admit that he did get out of the bullpen to talk to a physician who requested that he be given a quart of milk a day, and such request was honored.

Appellant testified and the trial court found that appellant was under stress from his illness and deep personal problems with his family life.

The evidence presented to the judge in the post-conviction hearing was in conflict in its natural force. Some showed appellant experienced uncomfortable and depressing surroundings while in jail. Other evidence showed that his epilepsy was under control and that he was being provided with medication and that his participation in the plea negotiations, his acceptance of the plea agreement, and his plea of guilty were not likely to have been the coerced product of jail conditions, family problems, or his illness, but was more likely to have been the product of an aware and alert mind acting in furtherance of his own interest in avoiding a trial and conviction on the kidnapping charge which at the time carried a life sentence. See Ind.Code § 35-1-55-1 (Burns 1975). In reviewing the facts most favorable to the judgment which we must do, it is clear that there is sufficient evidence to support the trial court.

The judgment denying post-conviction relief is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.