Robert L. DIXON, Appellant,

v.

STATE of Indiana, Appellee.

No. 1183S412.

Supreme Court of Indiana.

Nov. 20, 1984.

Susan K. Carpenter, Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant-Petitioner Robert L. Dixon was found guilty by a jury in the Marion Superior Court of class D felony theft and also was found to be a habitual offender. The trial court subsequently sentenced Appellant to thirty four years imprisonment. This Court affirmed Appellant's conviction on direct appeal with Justice Prentice dissenting to Issues I and II and Justice Hunter dissenting to Issue II. *Dixon v. State*, (1982) Ind., 437 N.E.2d 1318. Appellant, *pro se*, subsequently filed a petition for post-conviction relief which, after amendment, was denied by the Marion Superior Court. Appellant, by counsel, now appeals and raises the following four issues:

1. trial court's denial of Appellant's motion to represent himself at trial;

2. trial court's finding that Appellant's prior theft conviction was a felony and therefore could support a habitual offender finding;

3. trial court's instruction 6 given during the habitual offender portion of Appellant's trial; and

4. adequacy of Appellant's trial and appellate counsel.

We first note, as we have repeatedly, that a post-conviction action under Ind.R.P.C. 1 is a special, quasi-civil remedy whereby a party can present an error which, for various reasons, was not available or known at the time of the original trial on appeal. *Phillips v. State*, (1982) Ind., 441 N.E.2d 201. As such, the petitioner in a post-conviction proceeding bears the burden to prove any grounds for relief by a preponderance of the evidence. The judge who presides over the post-conviction hearing possesses exclusive authority to weigh the evidence and to determine the credibility of witnesses. The reviewing court therefore will not set aside the trial court's ruling on a post-conviction petition unless the evidence is without conflict and leads solely to a result different from that reached by the trial court. *Metcalf v. State*, (1983) Ind., 451 N.E.2d 321.

## I

Appellant first alleges that the trial court erred by denying his motion to represent himself at trial. Appellant concedes in his brief, however, that he raised this issue in his direct appeal and that this Court found that the trial court did not err in refusing Appellant's demand because Appellant had not properly asserted his United States Sixth Amendment waiver by a "clear and unequivocal request within a reasonable time prior to the first day of trial." (Issue II on direct appeal). Appellant now argues that his appellate counsel failed to include in the record on direct appeal Appellant's October 9, 1979, letter or a transcript of his June 11, 1980, pre-trial conference wherein he asked to represent himself well in advance of his trial on June 23, 1980. Notwithstanding Appellant's claim, our opinion clearly indicates that this Court fully considered Appellant's various and conflicting requests including his requests to represent himself. Our opinion noted:

"The defendant discussed one matter himself in which he told the judge that he did not wish to have Mr. Lawrence represent him but preferred to represent himself. The defendant indicated he had written a letter to Judge Gifford, the regular Judge of the court, in which he had stated he was dissatisfied with the representation he was receiving from Mr. Lawrence and indicated he was filing charges with the Indiana Supreme Court Disciplinary Commission against Mr. Lawrence. He stated in the letter that, "If there is nothing that can be done without proper representation, I'd like to *again make a request for a new attorney* and ask that it be as quickly as possible." [emphasis in original] Nothing came of the charges filed by defendant against his attorney with the Disciplinary Commission. *A different letter defendant wrote to Judge Gifford asking that he be allowed to represent himself, was not in the record but apparently it is not denied that such letter was sent to the judge.* There was a short discussion by the judge, defendant, and his

attorney, following which the judge told defendant that the jury was there and they were ready to go to trial, that the judge was satisfied that the defendant would receive a fair trial by the jury and he was not at that time, going to permit the defendant to represent himself." (emphasis added).

*Dixon,* Ind., 437 N.E.2d at 1321. Of course our test to determine the necessity of a hearing on the question of a defendant's self-representation is that the request for self-representation must be clear, unequivocable and timely made. *Russell v. State,* (1978) 270 Ind. 55, 383 N.E.2d 309. Inasmuch as this Court considered Appellant's pre-trial requests to represent himself but nonetheless upheld his conviction, we found that Appellant's pre-trial requests were not "clear and unequivocable" and therefore did not require any pre-trial hearings. Moreover, we note that although Appellant's self-representation request made on the morning of trial may have been clearly and unequivocably made, it was untimely. This issue was decided on the merits in Appellant's direct appeal. An issue decided on direct appeal is not reviewable in a post-conviction relief proceeding. *Richardson v. State,* (1982) Ind., 439 N.E.2d 610, *reh. denied; Adams v. State,* (1982) Ind., 430 N.E.2d 771. We find no error.

## II

Appellant next alleges that the trial court erred by finding that his 1976 theft conviction was a felony for habitual criminal purposes. This exact issue was considered and decided by us as Issue VI on Appellant's direct appeal and therefore is not reviewable in this post-conviction relief proceeding. *Richardson, supra; Adams, supra.*

## III

Appellant's third alleged error is that an improper mandatory instruction was given by the trial court during the habitual offender phase of his trial. The instruction complained about was as follows:

"The elements of the habitual criminal statute are as follows:

(1) The defendant has accumulated two prior unrelated felony convictions,

(2) The defendant was convicted and sentenced for a felony which he committed after sentencing for a prior unrelated felony conviction.

If the State has failed to prove each of the allegations of the charge beyond a reasonable doubt, you must find the defendant not guilty.

If the State has proven each of the allegations of the charge beyond a reasonable doubt, you must find the defendant guilty of being an habitual offender."

Appellant concedes that no objection was made to this instruction at trial and that this issue was not presented to us on direct appeal. The issue therefore was waived. *Morris v. State*, (1984) Ind., 466 N.E.2d 13; *Kimble v. State*, (1983) Ind., 451 N.E.2d 302. We do note, however, that this Court approved a similar instruction utilizing the imperative word "should" since that instruction, like this one using the imperative "must", was phrased in alternatives which did not bind the jury to one course of action. *Maisonet v. State*, (1983) Ind., 448 N.E.2d 1052, 1056. We find no error.

IV

Appellant lastly claims that he was denied his constitutional right to the effective assistance of counsel. In particular, he suggests at various points in his brief one example of his trial counsel's conduct and three examples of his appellate counsel's conduct to substantiate his general claim. We find that Appellant did not specifically raise and argue this issue in his brief on post-conviction appeal as required by Ind.R.App.P. 8.3(A)(3) and (7) and therefore he has waived it. Although this Court generally does not consider waived issues, we will consider a waived issue which indicates an error so fundamental that it denied the accused of a fair trial. *Mitchell v. State*, (1983) Ind., 455 N.E.2d 1131. This Court has held:

"Fundamental error is error that, if not rectified, would deny a defendant fundamental due process. *Johnson v. State*, (1979) [271] Ind. [145], 390 N.E.2d 1005. It is not enough, in order to invoke this doctrine, to urge that a constitutional right is implicated. Only when the record reveals clearly blatant violations of basic and elementary principles, and the harm or potential for harm could not be denied, will this Court review an issue not properly raised and preserved. *Nelson v. State*, (1980) [274] Ind. [218], 409 N.E.2d 637."

*Warriner v. State*, (1982) Ind., 435 N.E.2d 562, 563. Accordingly, we now consider only whether or not the conduct of Appellant's trial and appellate counsel amounted to fundamental error.

Appellant first suggests that he was denied the effective assistance of counsel because his trial counsel failed to object when the habitual criminal instruction discussed in Issue III, *infra*, was proposed and given during trial. Appellant also faults his appellate counsel for not raising the instruction issue on his direct appeal. Noting that we decided above that this instruction was proper, we find no fundamental error as alleged. We again find, as we did in Issue XI on direct appeal, that Appellant was adequately represented during his trial.

Appellant next suggests that his appellate counsel was inadequate because he failed to convince this Court that Appellant's prior theft conviction was not a felony and therefore could not support a habitual offender finding. Appellant's entire argument in this regard is as follows:

"[Appellant] Dixon again asserts that to the extent these allegations were raised and discussed in his direct appeal, or available for direct appeal, that his appellate counsel rendered ineffective assistance of perfecting the issues and therefore they are now available for consideration by Petition for Post-Conviction Relief. See, *Davis v. State*, [ (1975) 164 Ind.App. 331, 328 N.E.2d 768]."

We now find no merit in this contention, the gist of which was decided in Issue VI

on Appellant's direct appeal (See Issue II, *infra.*).

Appellant also suggests that his appellate counsel was inadequate because he neglected to include in the record on direct appeal Appellant's October 9 letter and a transcript of Appellant's June 11 pre-trial conference to "evidence the unequivocal demand for self-representation [Appellant] made prior to the day of trial." This contention was discussed in Issue I, *infra*, where we found no merit to Appellant's substantive claim. Notwithstanding the fact that said letter and transcript were not included in the original record on appeal, the record actually considered by this Court clearly indicated Appellant's equivocation in requesting to represent himself at trial. We find no fundamental error here.

Finding no error, we affirm the post-conviction relief court in all things.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.