Larry Lee **AILES**, Appellant (Petitioner Below),

v.

**STATE** of Indiana Appellee (Respondent Below).

No. 21A01–8706–PC–00150.

Court of Appeals of Indiana, First District.

Feb. 9, 1988.

Susan K. Carpenter, Public Defender, Hilary Bowe, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Appellant-petitioner Larry Ailes appeals from the denial of his petition for post-conviction relief.

We affirm.

Ailes was charged with burglary and robbery in the spring of 1985. Ailes attempted to plead guilty to the charges on May 24, 1985. At the plea hearing, Ailes admitted that he was pleading guilty with the hope that he could get surgery for his hernia condition in some other facility. He testified that he was informed while incarcerated at the Fayette County jail that he would not receive the elective surgery there. The court rejected his guilty plea, set a trial date, and told Ailes that treatment would be available while he was held at the jail. On June 11, 1985, Ailes again appeared to enter his plea of guilty to burglary and robbery pursuant to a written plea recommendation. The court and prosecutor asked Ailes whether there was any connection between his hernia condition and his decision to plead guilty. Ailes answered no. At that time, Ailes had not had surgery to correct the condition. The court reminded Ailes that he could get any needed surgery at Fayette County or the Department of Corrections. The court then accepted Ailes's plea of guilty.

In his petition for post-conviction relief, Ailes alleged that his guilty plea was not entered knowingly, intelligently and voluntarily because he pled guilty only in order to get medical treatment for his hernia. At the post-conviction hearing, Ailes testified that during the hearing in which his plea was accepted he had assured the court he was not pleading guilty to get treatment because he knew that the court would reject his guilty plea, as it had before. Ailes

also testified that he had not had the surgery, but had been given a support to use which would suffice until he could have the surgery when he got out of prison.

The trial court denied Ailes's petition for post-conviction relief. In his appeal, Ailes raises one issue: whether his guilty plea was entered knowingly and voluntarily?

■ The petitioner in a post-conviction proceeding bears the burden of proving any grounds for relief by a preponderance of the evidence. The judge who presides over the post-conviction hearing possesses exclusive authority to weigh the evidence and to determine the credibility of witnesses. *Dixon v. State* (1984), Ind., 470 N.E.2d 728. The reviewing court therefore will not set aside the trial court's ruling on a post-conviction petition unless the evidence is without conflict and leads solely to a result different from that reached by the trial court. *Id.*

■ After reviewing the record, we must conclude that there exists a conflict in the evidence respecting whether Ailes pleaded guilty because he wanted to get a hernia operation. Upon questioning, Ailes admitted that his need for the surgery was not exigent; rather it would relieve the pain he had occasionally experienced. The only evidence Ailes presented of his inability to obtain the surgery from Fayette County officials was his own testimony, which tended to be self-serving. It was up to the trial court to weigh and assess Ailes's testimony. At the time of Ailes's post-conviction hearing, a year and a half after he was sentenced on the plea, Ailes admitted that he had not yet received the surgery, electing instead to wear the support and declaring that he did not want "to be butchered up." From this evidence, the court could reasonably draw an inference that getting the hernia surgery had not compelled Ailes to plead guilty. *See McGuire v. State* (1980), 274 Ind. 684, 414 N.E.2d 294.

Because the evidence was conflicting, we will not set aside the trial court's finding

that Ailes's plea was entered knowingly and voluntarily.

Judgment affirmed.

RATLIFF, C.J., and HOFFMAN, J., concur.