Charles CLARK, Petitioner,

v.

Jack R. DUCKWORTH; and Indiana
Attorney General, Respondents.

Civ. No. S 89–270.

United States District Court,
N.D. Indiana,
South Bend Division.

Aug. 12, 1991.

Raymond L. Balogh, Jr., Osceola, Ind.,
for petitioner.

David A. Nowak, Office of Atty. Gen.,
Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This court must now comply with the
mandate of the United States Court of Appeals For the Seventh Circuit in the reported decision of *Clark v. Duckworth,* 906
F.2d 1174 (7th Cir.1990). Specifically, Part
IV of Judge Cudahy's opinion at pages
1178–79 states:

This conclusion, however, should not
be read to suggest that Clark has defaulted all of his habeas claims. Indeed,
the district court based its decision to

grant Clark's petition for habeas corpus on a claim never made by Clark in his brief before that court. In its Memorandum and Order, the district court concluded that it had "no choice but to grant this writ" because "the reference to threats by the witness, Terry Isaacs, upon questioning by Judge Kerrigan is within the scope of the constitutional violation found in Dudley." Memorandum and Order at 26, 24. But Clark never directly claimed a Dudley violation in federal court, rather, he claimed that his attorney's failure effectively to prevent Isaacs from testifying to threats he received constituted ineffective assistance of counsel. This claim was contained in Ground Two of his petition:

> Petitioner was denied Effective Assistance of counsel in that, counsel failed to move for a mistrial or cross-examine a state witness after the witness testified he had received threats not to testify, which resulted in prejudice to petitioner in that, the evidence of guilt was weakly supported, and the jury was allowed to infer that petitioner had made the threats, contrary to the Sixth Amendment to the United States Constitution.

Further, although Clark mentioned the Dudley issue in his "Traverse to Return," he did so only to prove that *"his attorneys* [sic] *performance* fell below an objective standard of reasonableness, when he failed to move for a mistrial or cross-examine the witness to demonstrate that the petitioner had nothing to do with the threats." Traverse to Return at 23 (emphasis supplied). Clark did not argue that the Dudley violation, by itself, constituted grounds for habeas corpus relief.

The district court should have addressed Clark's claim, as it appeared in his brief, that he received ineffective assistance of counsel. Its failure to do so requires us to remand the case to the district court for reconsideration of this claim. Clark did not waive this claim: he appears to have properly presented it to the Indiana Court of Appeals, which re-

viewed his appeal for post-conviction relief, and to the federal district court, which reviewed his petition for habeas corpus. *See* Memorandum Decision at 2 n. 1 (Ind.App.Ct. Nov. 22, 1988) (unpublished) ("Because the same counsel represented Clark in his appeal and at trial, he has not waived his claim of ineffective assistance of counsel. *Davis v. State* (1975), Ind.App., [164 Ind.App. 331] 328 N.E.2d 768.").

In order to prevail on remand, Clark must demonstrate that his attorney's performance was objectively unreasonable, and that but for this performance, there is a reasonable probability that the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 [104 S.Ct. 2052, 2068, 80 L.Ed.2d 674] (1984); *United States v. Moya–Gomez*, 860 F.2d 706, 763 (7th Cir.1988). Clark's reference to Isaac's testimony in the state court proceedings—and Duckworth's concession that a Dudley violation did occur—are certainly important factors to be considered in determining whether Clark's attorney rendered ineffective assistance at trial. But we leave it to the district court to determine whether these and other factors amount to ineffective assistance of counsel under *Strickland.*

*Clark,* 906 F.2d at pps. 1178–79 (emphasis omitted). This court has given very careful attention to the mandate of the Court of Appeals as above quoted, and certainly it is the intention of this court to now consider the issue of ineffective assistance of counsel.

The court appointed superseding counsel for the petitioner, but apparently this petitioner did not want the services of superseding counsel and that counsel has withdrawn. This court has already established a schedule for the presentation of the issue with reference to ineffective assistance of counsel and now in the spirit of *Miller v. Fenton,* 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985), this court reexamines the entire record with reference to the issue of ineffective assistance of counsel.

As stated by Judge Cudahy in the aforesaid opinion, the ineffective assistance of counsel issue was presented to the Court of Appeals of Indiana, and the First District of that court, speaking through Judge Robertson in an unpublished memorandum decision concurred in by Chief Judge Ratliff and Judge Neal, entered on November 22, 1988, did indeed deal extensively with that precise issue. For purposes of convenience, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein.

The issue of ineffectiveness of counsel was first presented to the state trial court in postconviction proceedings, as reflected at pages 99–121 of the state court record.

That record is somewhat sparse and generally involves a dialogue among the state trial judge, the deputy public defender, and deputy state prosecutor, in addition to testimony of the petitioner. Trial counsel for the petitioner was *not* called as a witness by the state public defender. There is nothing in the record to show that the petitioner's trial counsel was not available to testify in postconviction proceedings. On a number of key points, the memory of the petitioner was vague as he testified in that postconviction proceeding.

In sum, the testimony of the petitioner was that Attorney Shaw, the petitioner's defense counsel, did not move for a mistrial when the "threat" testimony came in. That is certainly nothing new. The trial record clearly demonstrated that fact. At the end of the postconviction proceeding at page 121 of the state record, the state trial judge indicated that he would "prepare an opinion". To date, this court has been unable to locate such written opinion in the state record.

In *United States v. Grizales*, 859 F.2d 442, 447 (7th Cir.1988), Judge Eschbach, speaking for the court stated:

> The Supreme Court has instructed that in evaluating the performance of a trial attorney we are to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2054. Appellant

"has a heavy burden in proving a claim of ineffectiveness of counsel." *Jarrett v. United States*, 822 F.2d 1438, 1441 (7th Cir.1987) (citing *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064). The Supreme Court has further cautioned appellate courts to resist the temptation to "second-guess" the actions of trial counsel after conviction. *Id.* It is clear that the performance of trial counsel should not be deemed constitutionally deficient merely because of a tactical decision made at trial that in hindsight appears not to have been the wisest choice. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *United States v. Kennedy*, 797 F.2d 540, 543 (7th Cir.1986).

*See also United States v. Adamo*, 882 F.2d 1218 (7th Cir.1989).

■ The Court of Appeals of Indiana found that the performance of the petitioner's trial counsel was not deficient. The court went on to state that even if counsel's performance was deficient, the petitioner had failed to show any resulting harm. State court factual findings made in the course of deciding an ineffectiveness claim are subject to the presumption of correctness standard of 28 U.S.C. § 2254(d). *Galowski v. Murphy*, 891 F.2d 629, 635 (7th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1953, 109 L.Ed.2d 315 (1990). Section 2254(d) provides that "a determination after a hearing on the merits of a factual issue, made by a state court of competent jurisdiction ... shall be presumed to be correct" unless "the merits of the factual dispute were not resolved in the state court hearing." Under section 2254(d), the court must defer to the state court's findings regarding the underlying facts of who did what to whom, when, where, and why. *Weidner v. Thieret*, 866 F.2d 958, 961 (7th Cir.1989).

■ On the other hand, a state court's findings that counsel performed adequately and that any shortcomings in his representation did not prejudice the defendant's case are not findings of fact under section 2254(d), but are instead mixed questions of law and fact subject to independent review. *Kimmelman v. Morrison*, 477 U.S. 365,

106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Balfour v. Haws*, 892 F.2d 556, 563 (7th Cir. 1989). The court therefore has made an independent examination of the state court record in order to determine whether counsel rendered effective assistance. *See Miller v. Fenton*, 474 U.S. at 104, 106 S.Ct. at 445.

■■■ As a preliminary, the petitioner bears a heavy burden in establishing an ineffective assistance of counsel claim. *United States v. Moya–Gomez*, 860 F.2d 706, 763 (7th Cir.1988). He must show (1) that his attorney's representation fell below an objective standard of reasonableness, and (2) that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 668, 104 S.Ct. at 2052. The court's scrutiny of counsel's performance must be conducted with a high degree of deference and without the distorting effects of hindsight. *Id.* at 689, 104 S.Ct. at 2065.

■■■ Here, the petitioner complains that he was denied effective assistance of counsel by his counsel's failure to ask for a mistrial or pursue cross-examination of Terry Isaacs.

Certainly this court is entitled to consider the historical facts stated in the Indiana Court of Appeals opinion, understanding that an independent determination is also made. It is readily apparent that Judge Robertson analyzed the ineffective assistance of counsel claim here under *Strickland*, 466 U.S. at 668, 104 S.Ct. at 2052. In fact, he did so explicitly.

Given the current status of the law under *Strickland*, 466 U.S. at 668, 104 S.Ct. at 2052, it is very difficult for this court to put the label of ineffective assistance of counsel on this defense counsel. From this court's reading of the record, counsel representing the petitioner at trial was put in a position of making instantaneous and difficult strategic decisions. Someone else gifted by the omniscience of hindsight

might look back at the cold record and determine that another course of strategic action might have been preferable. However, notwithstanding this court's continuing concerns under *Dudley v. Duckworth*, 854 F.2d 967 (7th Cir.1988), a fair examination of the record causes this court to conclude that the performance of this defense counsel for this petitioner was not objectively unreasonable.

It is also the opinion of this court that under the second prong of *Strickland*, 466 U.S. at 668, 104 S.Ct. at 2052, the conduct of this counsel did not result in prejudice. With no disrespect to anyone intended, this court remains of the strong view that *Dudley*, 854 F.2d at 967, should apply to this case, but not because of ineffective assistance of defense counsel. However, that decision has already been made by higher and proper authority, and this court must, and does, abide it.

The United States Court of Appeals for the Seventh Circuit has decided numerous ineffective assistance of counsel cases in the 1991 calendar year. *See United States v. Rodriguez–Luna*, 937 F.2d 1208 (7th Cir. 1991) (mere allegations of promises made by counsel are insufficient to support a claim of ineffective assistance) (citing *Key v. United States*, 806 F.2d 133, 139 (7th Cir.1986); *United States v. Guerrero*, 938 F.2d 725 (7th Cir.1991) (counsel's decision to rest without presenting any evidence does not, by itself, amount to ineffective assistance of counsel) (citing *United States v. Curtis*, 742 F.2d 1070, 1074 (7th Cir. 1984), *cert. denied*, 475 U.S. 1064, 106 S.Ct. 1374, 89 L.Ed.2d 600 (1986); *United States v. Livingston*, 936 F.2d 333 (7th Cir.1991) (In reviewing an attorney's performance under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct—not with the benefit of hindsight); *United States v. Jackson*, 935 F.2d 832 (7th Cir.1991) (It is not ineffective assistance for defense counsel to make a tactical decision not to pursue a course of investigation that would produce evidence that counsel otherwise is

aware of or that would add little to otherwise available information); *United States v. Delgado,* 936 F.2d 303 (7th Cir.1991) (*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) standard applies to assistance at sentencing) (citing *United States v. Slaughter,* 900 F.2d 1119, 1124–25 (7th Cir.1990); *Brewer v. Aiken,* 935 F.2d 850 (7th Cir.1991) (viewing the performance of counsel solely from the perspective of strategic competence, the court held that defense counsel must make a significant effort, based on reasonable investigation and logical argument, to ably present the defendant's fate to the jury and to focus the attention of the jury on any mitigating factors); *United States v. Williams,* 934 F.2d 847 (7th Cir.1991) (there is no denial of the constitutional right to effective assistance of counsel if the result would have been the same regardless of any professionally unreasonable error that counsel may have committed) (citing *United States v. Phillips,* 914 F.2d 835, 839 (7th Cir.1990); *United States v. Henry,* 933 F.2d 553 (7th Cir.1991) (joint representations are not per se unconstitutional) (citing *McCall v. O'Grady,* 908 F.2d 170, 173 (7th Cir.1990) (in order to prevail, it is incumbent upon the complaining party to demonstrate "with a reasonable degree if specificity," that a conflict actually existed.) (citing *United States v. ex rel. Robinson v. Housewright,* 525 F.2d 988, 994 (7th Cir.1975); *United States v. Ashimi,* 932 F.2d 643 (7th Cir.1991) (in applying *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the court must resist the natural temptation to become a "Monday morning quarterback" because it is not the court's task to "call the plays" as it thinks they should have been called) (citing *Harris v. Reed,* 894 F.2d 871, 877 (7th Cir.1990); *United States v. Simone,* 931 F.2d 1186 (7th Cir.1991) (a defendant is "deprived of effective assistance of counsel when his own lawyer admits his client's guilt without first obtaining his client's consent to this strategy) (citing *Wiley v. Sowders,* 647 F.2d 642, 650 (6th Cir.

1981), *cert. denied,* 454 U.S. 1091, 102 S.Ct. 656, 70 L.Ed.2d 630 (1981); *United States v. Hubbard,* 929 F.2d 307 (7th Cir.1991) (a petitioner alleging that counsel's ineffectiveness was centered on a supposed failure to investigate has the burden of providing ... 'a comprehensive showing as to what the investigation would have produced' ") (quoting *United States v. DeRobertis,* 811 F.2d 1008, 1016 (7th Cir.1987); *United States v. Taglia,* 922 F.2d 413, 418 (7th Cir.1991) (distinguishing ineffectiveness claims that rely only on the trial record, which must be raised on direct appeal, and claims that rely on outside evidence, which may be raised in collateral proceedings under 28 U.S.C. § 2255); *Reese v. Peters,* 926 F.2d 668 (7th Cir.1991) (counsel to which the Sixth Amendment refers is a professional advocate who meets the standard set by the court) (citing *Solina v. United States,* 709 F.2d 160 (2d Cir.1983); *United States v. Berkowitz,* 927 F.2d 1376, 1382 (7th Cir.1991) (the determination of how much investigation, like so many other decisions that an attorney makes, is a matter of professional judgment), and *Brown v. McGinnis,* 922 F.2d 425 (7th Cir.1991) ("in reviewing a claim of ineffective assistance of counsel, we look to the totality of the circumstances, ever mindful of the fact that there exists a strong presumption that counsel rendered reasonably effective assistance.") (citing *United States v. Muehlbauer,* 892 F.2d 664, 668 (7th Cir.1990).

A further evidentiary hearing has been requested. A recent and careful reading of *Townsend v. Sain,* 372 U.S. 293, 312–19, 83 S.Ct. 745, 756–60, 9 L.Ed.2d 770, (1963) convinces this court that a further evidentiary hearing is not mandated. The post-conviction evidentiary hearing above described and the specific factual findings of Judge Robertson in the opinion of the Court of Appeals of Indiana opinion meet the tests announced by Chief Justice Warren in *Townsend, Id.* Therefore, the same is DENIED.

On the basis of the present state of the record, and given the mandate of the Court of Appeals, this court finds that there is no

basis for the issuance of the writ. Since this court has now complied with the mandate of the Court of Appeals, this petitioner will again be given the opportunity to appeal once again to the Court of Appeals. IT IS SO ORDERED.

## APPENDIX A

### NOT FOR PUBLICATION

In The Court of Appeals of Indiana

First District

CHARLES CLARK, Appellant
(Petitioner Below),

v.

STATE OF INDIANA, Appellee
(Respondent Below).

No. 21A01–8805–PC–146

November 22, 1988

Appeal from the Fayette Circuit Court

The Honorable George L. Kerrigan, Judge

Cause No. 21C0179–CF–46

ATTORNEYS FOR APPELLANT:

SUSAN K. CARPENTER

Public Defender of Indiana

HILARY REEVE

Deputy Public Defender

309 West Washington Street
Suite 501
Indianapolis, Indiana 46204

ATTORNEYS FOR APPELLEE:

LINLEY E. PEARSON

Attorney General of Indiana

AMY SCHAEFFER GOOD

Deputy Attorney General

Office of Attorney General
219 State House
Indianapolis, Indiana 46204

## MEMORANDUM DECISION

ROBERTSON, J.

Appellant-defendant Charles Clark (Clark) appeals the trial court's denial of his petition for post-conviction relief.

We affirm.

Following a jury trial, Clark was convicted on October 21, 1980 of attempted rape, battery and intimidation. The convictions were affirmed by the supreme court in *Clark v. State* (1983), Ind., 447 N.E.2d 1076. On January 23, 1987, Clark filed a petition for post-conviction relief, and the State filed a response. After a hearing, the trial court denied the petition without finding facts or stating conclusions of law. Clark's motion to correct error was denied.

The only issue presented in his petition for post-conviction relief which was also presented in the brief was whether Clark was denied effective assistance of counsel where his attorney failed to move for mistrial following a state witness's testimony that he had received threats not to testify.[1]

During Clark's trial, the State proferred testimony of Terry Isaacs, who had pleaded guilty to raping K.T. and was incarcerated at Michigan City. The State's theory was that Clark was with Isaacs when the rape occurred and he participated in the attack. Clark's attorney objected to Isaacs' testifying about threats he received from other inmates at the prison. The court ruled at a hearing outside the presence of the jury that the State could call Isaacs but could not elicit testimony about threats. During this hearing, Isaacs testified he had been threatened by inmates at Michigan City not to testify against Clark, because they didn't like "snitching."

On the witness stand, before the jury, Isaacs admitted pleading guilty to K.T.'s rape. Then the State asked Isaacs:

Q. Is there anything you want to tell this jury about the circumstances surrounding that?

---

1. Clark did not claim error in the admission of the testimony in his direct appeal or in his petition for post-conviction relief. Since the issue was available then, he has waived it. *Dodson v. State* (1987), Ind., 502 N.E.2d 1333. Be- cause the same counsel represented Clark in his appeal and at trial, he has not waived his claim of ineffective assistance of counsel. *Davis v. State* (1975), 164 Ind.App. 331, 328 N.E.2d 768.

A. Uh, nothing that I'm—that I've been threatened and I can't testify.

[Clark's objection and motion to strike the answer were granted. Counsel for State and Clark then stated they had no questions.]

The Judge then asked of Isaacs:

Q. You understand that your testimony could not incriminate yourself, you have—there's nothing pending against you and you could be under contempt of Court for failure to answer any proper question of the Prosecutor, do you understand that?

A. Yes, I'm asking you for your protection of these threats.

*Judge:* All right. You can step aside.

*Mr. Shaw:* Your Honor, I would ask—

*Judge Kerrigan:* Any remark about threats will be disregarded by the jury.

As a preliminary matter, we observe that the trial court was required to make specific findings of fact and conclusions of law sufficient to enable this court to dispose of the issues on appeal. *Grigsby v. State* (1987), Ind., 503 N.E.2d 394, 397. However, as in *Grigsby,* we do not find that a remand for more specific findings is warranted since the facts underlying appellant's claim are not disputed and the issues are sufficiently presented for review.

When seeking post-conviction relief, petitioner has the burden of proving his claims by a preponderance of the evidence. When post-conviction relief is denied, this court does not weigh the evidence. This court will reverse only when the evidence is without conflict and leads to but one conclusion contrary to that reached by the trial court. *Noble v. State* (1988), Ind.App., 523 N.E.2d 441.

To prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's performance was deficient and that his defense was prejudiced by the deficient performance. *Stewart v. State* (1988), Ind., 517 N.E.2d 1230. It is presumed that counsel has discharged his duty fully, and strong and convincing evidence is required to rebut this presumption. *Id.*

In an early case our supreme court held that evidence that the defendant bribed a witness or made threats against a witness is admissible to show guilt of the defendant, although such evidence is not conclusive of the issue of guilt. *Keesier v. State* (1900), 154 Ind. 242, 56 N.E. 232. The defendant's threatening a witness is in the nature of an admission that the defendant has a bad case. *Id.* 56 N.E. at 234. Evidence that third persons procured or attempted to procure the absence of a witness is admissible against the accused if he was privy thereto; the State must lay a foundation sufficient to establish that the defendant was privy to the improper influence. *Perfect v. State* (1923), 197 Ind. 401, 141 N.E. 52, 55.

The court of appeals was confronted with the issue whether defendant received a fair trial when a state's witness testified he was threatened against testifying by undisclosed persons. *Keyser v. State* (1974), 160 Ind.App. 566, 312 N.E.2d 922. The trial court had sustained objections and had stricken the answers, but the court had denied the mistrial motion. The court held that evidence of threats which were not shown to be connected to the defendant was inadmissible. "Since a criminal defendant is the primary individual who could benefit from the bribing or absence of a witness who might testify against him, the inference is strong that he has procured these acts when evidence of them is introduced at trial." *Keyser, id.* 312 N.E.2d at 924. Furthermore, the court found that no jury could be expected to apply the evidence solely to the credibility of the witness before it and not to the prejudice of the defendant. The admonishment to the jury could not remove the prejudice in *Keyser* where the State's entire case depended upon the testimony of the witness who had been threatened. Coupled with other improper testimony, the error in the admission of testimony of threats required a new trial.

Similarly, the court in *Cox v. State* (1981), Ind.App., 422 N.E.2d 357 found reversible error in the trial court's admission of evidence that State's witness Gordon had received threats against testifying by unknown persons not shown to have any connection to the defendant. The court

found the error resulted in substantial prejudice; Gordon's credibility was crucial to the case since his word was pitted against Cox's.

Nevertheless, the supreme court has recognized that evidence of threats either received by a witness, *Adler v. State* (1967), 248 Ind. 193, 225 N.E.2d 171 (coercion by prosecutor and sheriff's department); *Barnes v. State* (1978), 269 Ind. 76, 378 N.E.2d 839 (threats by undisclosed persons), or made by a witness, *Barnes v. State* (1980), 273 Ind. 245, 403 N.E.2d 331; *Hardin v. State* (1981), 275 Ind. 63, 414 N.E.2d 570; *Ingram v. State* (1987), Ind., 508 N.E.2d 805, may be elicited on cross-examination to impeach the witness's credibility.

In the instant case, the State asked its witness Isaacs the operative question on direct examination; therefore, the testimony that Isaacs was threatened not to testify against Clark was not proper impeachment. In fact, the court properly granted Clark's objection and motion to strike Isaacs' answer, because without a foundation connecting Clark to the threats, the jury might have inferred from the testimony that it was Clark who had procured the threats. *Keyser, supra* and *Cox, supra.* The issue we must decide, then, is whether Clark was denied effective assistance of counsel by his counsel's failure to ask for mistrial or pursue cross-examination of Isaacs.

We are not convinced that counsel's performance fell outside the wide range of professionally competent assistance. *Haggenjos v. State* (1986), Ind., 493 N.E.2d 448. Given the circumstances of the hearing prior to Isaacs' testimony, it was apparent that the State's inquiry was not intended as an evidentiary harpoon; the State asked substantially the question that counsels had agreed should be asked of Isaacs. Unfortunately, Isaacs offered the reason why he could not testify. Clark's counsel immediately moved to strike the answer; although counsel might have moved for mis-

trial or brought out the circumstances of the threats by cross-examining Isaacs, we would merely be second-guessing counsel's trial strategy, which is not appropriate for judging ineffective assistance of counsel claims.

Moreover, even if counsel's performance was deficient, we may only grant relief upon a showing of harm. *Shackelford v. State* (1986), Ind., 486 N.E.2d 1014. To determine harm, it is necessary to look at the totality of the evidence to ascertain whether, but for counsel's errors, there is a reasonable probability that the outcome would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome. *Messer v. State* (1987), Ind.App., 509 N.E.2d 249. Clark has not satisfied the second prong of *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

*Keyser, supra,* suggests that an admonishment to the jury cannot overcome the prejudicial effect of the testimony; however, we may distinguish *Keyser* and *Cox.* In this case, Isaacs did not provide any testimony implicating Clark in the attack; his credibility was not pitted against Clark's. The evidence supporting the verdict was supplied by the victim and by other witnesses from whose testimony the jury could infer that Clark was the second individual involved in the attack. While it is true that the evidence was circumstantial, we do not deem the verdict to be "only weakly supported by the record." *Messer, supra.* Cf. *Clark v. State,* 447 N.E.2d 1076, 1079–80. *Dudley v. Duckworth* (7th Cir.1988) 854 F.2d 967 is wholly inapplicable here. In *Dudley,* the testimony of defendant's confederate about receiving threats from an unknown source was allowed to stand at the jury trial, constituting an evidentiary harpoon which rendered his trial constitutionally unfair. *Dudley* at 972.

Because Clark has not demonstrated ineffective assistance of counsel or that any deficiencies harmed him, we affirm the post-conviction court's denial of the petition.

Judgment affirmed.

RATLIFF, C.J., and NEAL, J., concur.