Carl Lee JOHNSON, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 45S00–8604PC395.

Supreme Court of Indiana.

Dec. 30, 1986.

Susan K. Carpenter, Public Defender, William L. Touchette, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Carl Lee Johnson was convicted of first degree murder at the conclusion of a jury trial in the Lake Superior Court and was sentenced to a term of life imprisonment. On direct appeal, his conviction was affirmed. *Johnson v. State* (1978), 268 Ind. 55, 373 N.E.2d 169. In 1985, Appellant's *Pro Se* Petition for Post-Conviction Relief was denied, and he now appeals this denial, raising, as the sole issue, ineffective assistance of counsel at trial.

We first note that in a post-conviction proceeding, the burden rests with a petitioner to establish his grounds for relief by a preponderance of the evidence. The trial court's decision will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *McHugh v. State* (1984), Ind., 471 N.E.2d 293, 294–295; Ind.R.P.C. 1, § 5. Our post-conviction rules provide for a special remedy where a party can present error which, for various reasons,

was not available or known at the time of trial or on direct appeal. Any issue which was or could have been addressed at trial or on direct appeal is not the proper subject for post-conviction relief. *Music v. State* (1986), Ind., 489 N.E.2d 949, 950; *Phillips v. State* (1982), Ind., 441 N.E.2d 201, 203.

The evidence showed that Appellant and the victim, Adell Mead, had had an altercation early in the day on June 1, 1976. That night, Appellant shot and killed the victim. There were no eye witnesses to the incident other than Appellant himself. Appellant was on foot when he first came upon the victim, who was driving an automobile. He drove the victim's automobile to the home of witness Eva Mae Fagin, and told Eva and her family that he had just killed the victim by shooting him in the head. Fagin testified that Appellant then cleaned his gun and threatened Eva Mae and her family not to mention the incident to the police. Appellant testified he had killed the victim in self defense, stating the victim tried to run him down with his automobile, then accosted him on the street. Appellant claimed he tried to settle his differences with the victim, but the victim did not want to do so and fired at Appellant, grazing his leg and causing Appellant to fall to the ground. Appellant said he then pulled his own pistol and shot the victim twice in the head, killing him. He testified that he then moved the body some distance with the automobile; laid it in a ditch; and laid the victim's pistol, used to wound Appellant, next to the body. When the body was discovered the next morning, there was no pistol next to the body, and none was ever found. The record shows conflict in Appellant's testimony with that of other witnesses. He denied he had made any threats to Eva Mae Fagin and her family. Further, the evidence showed that one of the bullets entered the victim's head below the ear in such a way that it could not have been put there with Appellant and the victim being face to face as Appellant described it.

Appellant's complaint of ineffective assistance of counsel is based on a series of questions propounded by Appellant's counsel to Appellant on direct examination. In his examination of Appellant, Counsel questioned him about problems he had had in the past. In response, Appellant testified that he had had problems with his father when he was about 14 or 15 years old and had broken windows in one of his father's houses, for which he was sent to boy's school, where he spent a term of approximately six months. He testified he also was involved in an auto theft when he was about 17, and spent a couple of months at the Indiana State Farm. It is now Appellant's contention that the revelation of these problems he had as a juvenile damaged his credibility and prejudiced his self defense efforts.

We first note that this was clearly known and available to Appellant at the time of his direct appeal, and by failing to pursue it at that time, he has waived it. It is not now available as an issue in this post-conviction relief petition. *Id.* Furthermore, the State's position is well taken that this was a strategic tactical decision made by Counsel to bolster Appellant's credibility before the jury, by showing that he was willing to admit mistakes he had made in the past, tending to convince the jury he was being truthful with them at that time. Evidence concerning breaking windows and car thefts during adolescence would not show a propensity to commit first degree murder, but might show a willingness to openly discuss it rather than possibly have it surface in cross-examination. This might enhance Appellant's credibility to the jury. This was a tactical decision made by Counsel which reasonably could be calculated to be worth the risk considering the serious consequences facing Appellant for a conviction of first degree murder. It does not establish ineffective assistance of counsel. *Hestand v. State* (1986), Ind., 491 N.E.2d 976, 978. The acts of Counsel do not show a lack of reasonable professional judgment nor do they show that Appellant was prejudiced by unreasonable acts or omissions of his attorney. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692–693, U.S. *reh.*

*denied* (1984), 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864; *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291, 1294.

The trial court is affirmed.

GIVAN, C.J., and DICKSON, J., concur.

DeBRULER, J., concurs in result without opinion.

SHEPARD, J., not participating.