**Gary McGILLEM, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee.**

**No. 27A02–8610–PC–375.**

Court of Appeals of Indiana, Second District.

Dec. 30, 1987.

Steven C. Litz, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Gary Damon Secrest, Deputy Attys. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Gary McGillem appeals from the denial of his petition for post-conviction relief.

We affirm.

McGillem argues that, at the time he pled guilty to two counts of child molestation,[1] he received ineffective assistance of counsel due to a conflict of interests. Trial counsel was, at the time of the guilty plea, attorney for the City of Marion.[2]

The post-conviction court found that "defense counsel's position as City Attorney did not in any way interfere with counsel's representation of Defendant." Record at 117. Counsel testified at the post-conviction hearing that although he was sometimes placed in an adversarial setting with

---

**1.** I.C. 35–42–4–3(b) (Burns Code Ed.Repl.1985), a class C felony.

**2.** Appellant concedes that representation of a criminal defendant by a city attorney does not in and of itself create an actual conflict of interest requiring reversal.

Marion police during wage negotiations, his performance for McGillem was in no way compromised. Counsel testified that the only factors which influenced the decision to plea bargain were the two taped confessions of McGillem and, in view of bitter hostility from the members of the victims' families and in the community, McGillem's strong insistence that the charges not be submitted to a trial.

McGillem's argument is that he received ineffective assistance of counsel. To be sure he asserts that the ineffective assistance was brought about by a conflict of interests on the part of his attorney but his argument remains, nevertheless, one of ineffective assistance. This in turn requires us to focus upon the test enunciated in *Strickland v. Washington* (1984) 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, as modified by *Hill v. Lockhart* (1985) 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203, for review of guilty pleas. *Burse v. State* (1987) Ind., 515 N.E.2d 1383. In light of the argument posed, we do not therefore apply the test applicable to straightforward conflict of interests situations. *See Tate v. State* (1987) 2d Dist.Ind.App., 515 N.E.2d 1145.[3]

■ The post-conviction court's determination will be disturbed only when the evidence, if not in conflict, leads unerringly to a result not reached. *Johnson v. State* (1986) Ind., 502 N.E.2d 90.

■ McGillem has failed to discharge his burden under the *Strickland–Hill* test to demonstrate that counsel's performance was deficient and that but for such deficient performance, or the lack of proper performance, there is a reasonable probability that McGillem would not have pleaded guilty and would have insisted upon going to trial.

Notwithstanding that the position of city attorney presents conflicts or potential conflicts of interests to a criminal defense attorney, *see* I.C. 36–4–9–12 (Burns Code Ed.Repl.1981),[4] in the fact circumstance before us, McGillem has not shown counsel's performance ineffective nor that his guilty plea was less than freely and voluntarily given. *Burse v. State, supra.*

The judgment is affirmed.

RATLIFF, C.J., and SHIELDS, J., concur.

---

**3.** It may be observed that even if we were to consider McGillem's argument as a conflict of interests assertion, it would be unavailing to him.

Without question, an appearance of impropriety is created by the possibility of a conflict between the interests of a client and those of the law enforcement agency involved in the prosecution of that client. Tensions with respect to the loyalties of the attorney may arise when the law enforcement agency is a part of the governmental unit which pays a salary to the attorney.

The burden with respect to a conflict of interests allegation, however, is to show *active* pursuit of conflicting interests adversely affecting counsel's performance. *See Smith v. State* (1984) Ind., 465 N.E.2d 1105, 1119; *Richardson v. State* (1982) Ind., 439 N.E.2d 610, 613. McGillem has not shown the existence of an actual conflict of interests. *See Burse v. State* (1987) Ind., 515 N.E.2d 1383. *Compare Aver-*

*hart v. State* (1984) Ind., 470 N.E.2d 666 and *Bean v. State* (1984) Ind., 460 N.E.2d 936 with *Tate v. State* (1987) 2d Dist.Ind.App., 515 N.E.2d 1145.

Additionally, despite what appears to be McGillem's argument to the contrary, his burden, in a conflict of interests sense, would be to show an actual impact on counsel's performance. The mere possibility of a conflict, while perhaps enough to trigger a judge's obligation to inquire about a conflict, *Wood v. Georgia* (1981) 450 U.S. 261, 101 S.Ct. 1097, 67 L.Ed.2d 220, does not provide grounds for setting aside a guilty plea.

**4.** The provision sets forth the duties of the city attorney and includes among other things, the prosecution of violators of city ordinances and the giving of legal advice to the officers, departments, boards, commissions and other agencies of the city.