**Tommie Joe SMITH, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S00–9008–PD–538.**

Supreme Court of Indiana.

May 12, 1993.

Judith G. Menadue, Special Asst. Public Defender, Elkhart, for appellant.

Pamela Carter, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee.

KRAHULIK, Justice.

Appellant Smith appeals from the denial of the relief sought in his amended post-conviction relief petition.

This is the third time this case has come before this Court. Smith's direct appeal from his 1981 conviction and sentence of death is reported at *Smith v. State* (1984), Ind., 465 N.E.2d 1105. Both the conviction for murder and the sentence of death he received were affirmed in that direct appeal. Following that appeal, Smith filed a petition for post-conviction relief and appealed to this Court when such petition was denied. *Smith v. State* (1987), Ind., 516 N.E.2d 1055, *cert. denied,* 488 U.S. 934, 109 S.Ct. 330, 102 L.Ed.2d 347 (1988). After this Court affirmed the denial of his petition, Smith filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Indiana. Those proceedings were stayed pending the exhaustion of Smith's state court remedies.

On October 3, 1990, Smith filed his second, or amended, petition for post-conviction relief along with several motions, in-

cluding a motion for change of judge. The State filed an answer as well as a motion to dismiss in which the State urged that the second petition for post-conviction relief should be dismissed on the basis of *res judicata.* Following a hearing on Smith's motion for change of judge, the trial court denied such motion and set the petition for post-conviction relief for hearing. Smith's counsel filed a motion for continuance of the hearing because she had not had adequate time to prepare for the hearing because of her illness and hospitalization. The trial court cancelled the hearing and granted the State's motion to dismiss on the grounds that the second petition for post-conviction relief failed to state a claim upon which relief can be granted because Smith had failed to raise new issues of fact or law that were previously unavailable to him. Furthermore, the trial court held that the petition merely reasserted issues raised in the proceedings which had been previously ruled upon and, therefore, were barred by the doctrine of *res judicata.* Finally, the trial court held that the petition failed to assert any new legal issues or newly-discovered evidence which were unavailable to Smith in his prior post-conviction proceeding.

Smith appeals directly to this Court from the trial court's dismissal of his second petition for post-conviction relief alleging the following six issues:

1. Whether the trial court erred in dismissing the amended petition without a hearing, briefs or oral arguments.

2. Whether Smith was denied the effective assistance of counsel during all prior proceedings.

3. Whether Smith's death sentence must be reversed due to errors at the penalty phase that taint the reliability of the outcome.

4. Whether misconduct by the prosecution undermined the fairness of Smith's trial and denied him due process.

5. Whether Judge Boles failed to recuse himself despite his obvious bias against Smith.

6. Whether Judge Gifford erred in failing to recuse herself.

■ It is clear from a review of both his direct appeal and his appeal from the denial of his first petition for post-conviction relief that issues 2, 3, 4 and 5 either were directly decided by the earlier appeals or were available to Smith in those appeals. As such, he is precluded from relitigating those issues in that they are either *res judicata* (having been directly decided by the previous appeals) or were waived because they were available to be presented as a part of his previous appeals. *Schiro v. State* (1989), Ind., 533 N.E.2d 1201, 1204–5, *cert. den.,* 493 U.S. 910, 110 S.Ct. 268, 107 L.Ed.2d 218. Dismissal without hearing was clearly proper. *Resnover v. State* (1989), Ind., 547 N.E.2d 814, 816, *cert. den.,* 469 U.S. 873, 105 S.Ct. 231, 83 L.Ed.2d 160; *Schiro,* 533 N.E.2d at 1204–5.

■ The purpose of our post-conviction procedure is not to serve as a substitute for direct appeal, as a superappeal, or as a mechanism to keep the appellate ball bouncing in order to avoid the execution of a death penalty sentence. *Kimble v. State* (1983), Ind., 451 N.E.2d 302, 303–4. Whatever one's thoughts may be with regard to the morality, propriety or practicality of the death penalty statute, this Court has decided in numerous cases that our death penalty statute is valid and constitutional. *Conner v. State* (1991), Ind., 580 N.E.2d 214, 218–19, *cert. denied,* — U.S. —, 112 S.Ct. 1501, 117 L.Ed.2d 640 (1992); *Evans v. State* (1990), Ind., 563 N.E.2d 1251; *Brewer v. State* (1981), 275 Ind. 338, 347, 417 N.E.2d 889, 894, *cert. denied,* 458 U.S. 1132, 103 S.Ct. 18, 73 L.Ed.2d 1403 (1982). Because of the extreme finality of the death penalty, it is incumbent upon the legal system to provide a safeguard against the erroneous application of death penalty. *See e.g. Landress v. State* (1992), 600 N.E.2d 938, 942. It is equally incumbent upon the legal system, however, to provide *finality* to death penalty litigation in order to give effect to the legislature's determination that certain criminals should be executed. Utilizing our procedures for post-conviction relief in order to request a relitigation or redetermination of facts and law previously decided in order to prolong postpone or prevent the ultimate

execution of the death sentence does not satisfy either of those objectives. It, therefore, cannot be allowed.

In this case, the trial court properly determined that Smith's second petition for post-conviction relief raised no new issues which had not been decided previously or which were not available to Smith in his two earlier appeals. In that event, dismissal without a hearing was appropriate. Ind. Post–Conviction Rule 1, § 12(g). Having reviewed the previous opinions of this Court, as well as Smith's second petition for post-conviction relief and its attachments, we agree with the trial court's conclusion and affirm the dismissal.

■ With regard to whether the trial court should have granted Smith's motion for change of judge, we hold that the trial court did not err in failing to grant such motion. In essence, Smith argued to the trial court that the judge should recuse herself from this case because she had previously granted a petition for post-conviction relief in another case and had received adverse publicity as a result. Smith's argument to the trial court was that the adverse publicity she had received from her previous ruling in the other case would cause her to be biased against granting such relief in his case. We fail to see the logic of this argument. To the contrary, the fact that Judge Gifford had granted post-conviction relief in another proceeding appears to us to evidence the fact that she had and would conduct herself as an unbiased jurist in applying the law to the particular facts of a case. Smith's argument to the contrary is unavailing. We affirm the trial court's denial of Smith's motion for change of judge.

In conclusion, we affirm the trial court's judgment and remand this case to the trial court for setting a date for the execution of the appellant.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., concurs in result.